_..._W-YORK,
May, 1833.

Siglar
v.
Van Riper.

## SIGLAR vs. VAN RIPER.

In a declaration in *ejectment*, the averment of title must be of a day subse-quent to the accruing of the title of the plaintiff, and the *ouster* complained of must be stated as having happened on some subsequent day; it is not essential, however, to prove the accruing of title precisely as laid; *it is enough if it be shewn to exist before the day laid in the declaration*; and in ordinary cases it is not necessary to give any proof whatever of the ouster.

Neither an actual entry under title, or the actual receipt of profits need be shewn to maintain an ejectment; it is sufficient to shew a *right to the pos-session* at the time of the commencement of the suit.

A party in possession of lands, claiming the same under a *warranty deed* from a stranger, is *estopped* from saying that he holds as a *tenant in common* with the plaintiff.

But even where he holds as a *tenant in common*, if he *denies the plaintiff's title* when possession is demanded, the plaintiff is entitled to recover, such de-nial amounting to an ouster: a denial *in terms* is equivalent to *an act* amounting to a denial.

*It seems*, too, that such demand may be made of a tenant in possession, though not the tenant of the freehold.

A *widow*, before dower assigned, cannot convey an interest in the land in which she has a right of dower.

THIS was an action of ejectment, tried at the Seneca circuit, before the Hon. DANIEL MOSELY, one of the circuit judges.

The plaintiff stated in his declaration, that on the 29th Jan-uary, 1825, he was possessed of the one equal, undivided eighth part of a certain piece or parcel of land, with the ap-purtenances, situate, &c. containing about 50 acres, which undivided eighth part he claimed in fee; and being so possess-ed, the defendant afterwards, to wit, on the 3d May, 1825, entered into and upon the said undivided eighth part of the said premises, and *ejected* the plaintiff therefrom, and unjustly withholds from him the possession thereof. The defendant pleaded not guilty. The plaintiff proved that his maternal uncle, *Jabez Gorham*, died in 1814, without issue, seised of the premises, and left *three* brothers and *five* sisters him surviv-ing; the plaintiff was the only child and heir at law of Ra-chel, one of the sisters of Jabez Gorham; she married one Pe-ter Siglar, and died in 1810. On the third day of January, 1832, the plaintiff demanded *possession of his right* to the land

in question of the defendant, who refused to let him have it, saying that *he had no right;* on the same day, after such demand and refusal, this suit was commenced. The defendant was in possession under one *Adrian Van Riper,* whose title was derived as follows : 1. By deeds in fee, conveying the premises in question from *James* and *John,* two of the brothers of Jabez Gorham, the person last seised, to *Isaac Gorham,* another of the said brothers, bearing date in 1815 and 1816 ; 2. By deed from Isaac Gorham to A. Snyder, of the same premises, dated in October, 1818 ; and 3. By a deed in fee with *covenant of warranty* from Snyder to Adrian Van Riper, the landlord of the defendant, dated in 1824. The plaintiff rested, and the defendant moved for a *nonsuit,* on the grounds, 1. That the plaintiff having shewn himself a *tenant in common* of the premises, and not having proved an *actual ouster,* or acts amounting thereto, was not entitled to recover ; and 2. That he had failed in proving an ouster in 1825, the time laid in the declaration ; the nonsuit was denied. The defendant then proved that Mary, the mother of Jabez Gorham, and who was entitled to dower in the premises as the widow of her husband, shortly after the decease of her son Jabez, went into possession of the premises in question, claiming dower therein, and continued to occupy the same until 1819, when she released her right of dower to Anthony Snyder, the grantor of A. Van Riper. Snyder was in possession of the premises, occupying the same with the widow until the date of the release, and subsequently occupied the whole of the premises. The jury found a verdict for the plaintiff, and that he had an estate in fee to an undivided *eighth part* of the premises described in the declaration, and assessed his damages at six cents. The defendant moves for a new trial.

*J. Knox,* for the defendant. The plaintiff should have been nonsuited for the variance between the declaration and the proof as to the *time of ouster.* The ouster proved, if any, was on the 3d January, 1832, and the day laid in the declaration was on the 3d May, 1825. Allowing the day not to be material, it must at all events be of a time subsequent to the accruing of the action, as in the action of *trover,* where the pos-

NEW-YORK, session of the defendant is lawful until demand, the conver-
May, 1833. sion must be laid after the demand, or the plaintiff cannot re-
Siglar cover. It is as objectionable to allege the ouster before it hap-
v. pened, as to allege it to have taken place before the accruing
Van Riper. of the plaintiff's title. The plaintiff failed in proving the ex-
tent of interest alleged in his declaration; he claimed *one
eighth* of the *whole* premises, and by the evidence it was shewn
that he was entitled only to an eighth of *two thirds* of the
premises, one third having been conveyed by the widow to
the grantor of the defendant's landlord. He also failed in
proving an *ouster*, or shewing any *act* amounting to an ouster ;
the only evidence is, that he demanded possession of his right,
and that the defendant refused to let him have it, saying that
he had no right; for independent of this demand, the *posses-
sion* of the defendant was the possession of the plaintiff, the
possession of one tenant in common being the possession of
his co-tenant. To justify an action, the law requires some *act*
to be done by the tenant in possession equivalent to an actual
ouster of his co-tenant ; mere *words* denying possession of the
right are not enough. But if a mere demand and refusal be
sufficient in such case, the demand at least should be made of
the tenant of the freehold, not of a mere occupier who has no
right to refuse or grant. *Adams on Eject.* 120, 121. Besides,
no entry previous to the suit was shewn by the plaintiff or
those under whom he claimed.

*J. M'Allister,* for the plaintiff. The plaintiff's title is stated
to have existed in January, 1825, an ouster at a subsequent
day is alleged, and an ouster in fact is proved previous to the
commencement of the suit; this is enough to sustain the ac-
tion within the provisions of the statute, 2 *R. S.* 304, § 7.
*Adams on Eject.* 198. The conveyances of the whole premi-
ses and the possessions under such conveyances were suffi-
cient to justify the jury in finding an ouster. The pos-
session of the defendant and of those under whom he held,
cannot be considered as the possession of a *tenant in com-
mon.* In 1818, the whole of the premises were conveyed
in fee to Snyder, and he, in 1824, conveyed with warranty to
Van Riper ; these conveyances were in exclusion of the right
of the plaintiff and adverse to it. 13 *Johns. R.* 406. 2 *R. S.*

306, § 25. 9 *Cowen*, 555. The right of the plaintiff was correctly set forth in the declaration ; he claimed *one eighth* of the premises and shewed his title accordingly. The convey-ance of the widow did not affect that right ; dower not having been assigned to her, she had no right of entry, and conse-quently could not convey any interest in the land.

*By the Court*, SAVAGE, Ch. J. The defendant asks for a new trial on the following grounds : 1. It is said that no ouster was proved, and that the ouster should have been shewn to have been made before the 3d of May, 1825, the day laid in the declaration ; 2. That the plaintiff's title was not proved as stated in his declaration ; 3. That demand should have been made of some person interested, and not merely of the tenant in possession ; and 4. That the plaintiff shewed no proof of an entry by himself or his ancestors.

The declaration states, that on the 29th January, 1825, the plaintiff was possessed of the premises, and that on the 3d of May, in the same year, the defendant entered, and ex-pelled and ejected the plaintiff; and it is contended that the proof should have shewn an ouster on that day. By the prac-tice of this court before the revised statutes took effect, a de-mise was laid in the declaration from the owner to a nominal person, in whose name the action was brought. Then the day was so far material that the demise must be subsequent to the accruing of the title of the claimant ; now it is sufficient for the plaintiff to aver in his declaration that on some day therein to be specified, and which shall be after his title ac-crued, he was possessed of the premises in question, describing them ; and being so possessed thereof, the defendant after-wards, on some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff the pos-session thereof. 2 *R. S.* 304, § 7. This seems to be in ac-cordance with the former practice, so far as it may be applica-ble. The averment of title must be laid subsequent to the title actually accruing, and an ouster must be stated on some day afterwards. On the trial, however, the plaintiff is not bound to prove the accruing of his title precisely as laid ; it is

enough if he shew title before the day laid in his declaration. Nor is he in ordinary cases bound to prove any ouster at all.

It is not necessary for the plaintiff to prove an actual entry under title, nor the actual receipt of any profits of the premises demanded ; but it shall be sufficient for him to shew a right to the possession of such premises at the time of the commencement of the suit, as heir, devisee, purchaser, or otherwise. 2 R. S. 306, § 25.  It is evident the legislature intended that title in the plaintiff and possession by the defendant were to be the subjects of inquiry upon the trial.    The plaintiff has done all which is required of him as to proof of title ;  he has shewn title to one eighth in himself at the commencement of the suit, and that such title existed anterior to the time when he avers in his declaration that he was possessed of the premises in question.    If, as the plaintiff's counsel contends, no question can arise in this case as to the rights of *tenants in common,* then the plaintiff has shewn a clear right to recover, and the defendant has shewn nothing in answer to it ; and according to the case of *Jackson* v. *Smith,* 13 *Johns. R.* 406, the defendant is estopped from saying that he holds as tenant in common with the plaintiff.    He is in possession of the whole premises, claiming the whole, under a warranty deed from a stranger to the defendant's landlord, and his possession is adverse as against the plaintiff and the other tenants in common.

But if it were not so, the plaintiff has shewn enough to recover against a tenant in common.    On this point also the revised statutes have not altered what was before the practice of the court.    The revised statutes declare that if the action be brought by one tenant in common against his co-tenant, the plaintiff shall be required to prove, on the trial of the cause, that the defendant actually ousted such plaintiff, or did some other act amounting to a total denial of his right as such co-tenant, 2 R. S. 306, 7, § 27.  According to the former practice, it is said an actual ouster must be proved, but this never meant a manual force, applied to the plaintiff who was in actual occupation ; it was sufficient if, upon demand by the plaintiff, the defendant refuse to pay his share of the proceeds, or deny his title, saying he claims the whole, and continue in possession.    *Adams on Eject.* 56.    *Cowp.* 217.    In this case

the defendant *denied the plaintiff's title;* this, at common law, was evidence enough to prove an actual ouster. So under the statute it is tantamount to the doing an act amounting to a total denial of the plaintiff's right as co-tenant; it was an actual denial, and if an act amounting to a denial is sufficient, surely a denial in terms must be so also.

It is also objected that the plaintiff claims one eighth of the premises, but shews only a right to one eighth of two thirds, the defendant being in possession of the dower of the widow of Jabez Gorham, the elder. To this the plaintiff answers, that the widow's dower can in no manner affect this suit; that she cannot enter until her dower is assigned to her, and if she cannot enter herself, her assignee cannot; and that the right being in the heir, he must recover according to that right. At the common law, a widow cannot enter until her dower is assigned to her, because before assignment it is not known what part she shall have for her dower. *Co. Litt.* 37, *b.* She is not tenant in common with the heir; her right rests in action only; and after the expiration of forty days, the heir can expel her, and put her to her suit. *Co. Litt.* 34, *b.* This was held to be the law in *Jackson* v. *O'Donaghy, 7 Johns. R.* 247, 8, which was an action against the widow by the owner of the estate, which was subject to the dower of the defendant. It was held that the widow was not entitled to possession until her dower was assigned, but only for forty days; if her dower is not assigned to her within the forty days, she has her right of action. By our statutes, either she or the heir may institute proceedings to have the dower assigned; but neither at common law nor by statute is she entitled to possession after her quarantine, until her dower shall be assigned to her. In *Jackson* v. *Vanderheyden, 17 Johns. R.* 167, it was again decided that dower could not be recovered in an action of ejectment until it has been assigned. The revised statutes now give the action of ejectment for dower before assignment of dower, and as a substitute for the action of dower which is abolished, 2 *R. S.* 303, 343. If the action be brought before admeasurement, and a recovery is had, commissioners are to be appointed to make admeasurement, and possession shall be given accordingly, 2 *R. S.* 311, 12, § 55.

The plaintiff has correctly described his interest in his declaration as *one eighth* of the whole estate, without taking notice of the widow's right to dower. He proved his title as laid, and produced sufficient evidence of ouster, if that were necessary ; he is therefore entitled to judgment upon the verdict.

New trial denied.