By the Court,
Nelson, Ch. J.
Under the former practice
in ejectment, judgment passed against the casual ejector (John Stiles) unless the tenant came in and entered into the consent rule, by which he was obliged to confess lease, entry and ouster. If he claimed only an undivided interest in the premises as coparcener, joint-tenant, or tenant in common, he was permitted, on showing that fact to the court, and that there had been no ouster, to enter into a special consent rule admitting the lessor’s title as to the undivided part; and was excused from confessing ouster to the extent of such conceded interest, leaving that question to be litigated on the trial. (Langendyck v. Burhans, 11 John. R. 462 ; Jackson v. Lyons, 18 id. 398 ; Wigfall v. Brydon, 3 Burr. 1897; Doe v. Roe. 2 Taunt. 397.) The revised statutes have abolished the consent rule, and it is now provided that it shall not be necessary on the trial for the defendant to confess, nor for the plaintiff to prove • lease, entry and ouster, except where the action is brought by one or more tenants in common or joint-tenants against their co-tenants; in which case the plaintiff, in addition to other *118 necessary proof, is required to show an actual ouster, or some other act amounting to a total denial of his right as such co-tenant. (2 R. S. 306, § 26, 27; Siglar v. Van Riper, 10 Wend. 414.)
It is clear, therefore, both from the former practice in ejectment and from the language of the revised statutes, that before the plaintiff can now be called on to prove an ouster, the defendant must make out on the trial that he is a co-tenant with him of the premises. It is only when that relation is shown to exist, that proof of ouster becomes necessary. In the absénce of such relation, it is enough if the plaintiff establish his title. Nor does, the fact of the plaintiff seeking to recover an undivided interest only, devolve upon him the necessity of this proof; for it by no means follows that the defendant owns the other portion or any part of it as tenant in common. The defendant being in the possession and occupation of the whole, the presumption, in the absence of any other proof to the contrary is, that he holds in hostility to the plaintiff—that he claims title to and possession of every part and parcel of the premises. The burden, therefore, lies upon him to make out the fact of a tenancy in common or joint-tenancy. This being done, the presumption of law arises that he holds in subordination to the right of his co-tenant, and, that his possession is the possession of both. Hence, in such case, the propriety and necessity of some evidence that he has denied the plaintiff’s right, before he shall be subjected to the expenses of a suit. (Fishar v. Prosser, Cowp. 218, 219 ; Butler v. Phelps, 17 Wend. 647 ; Gillet v. Stanley, 1 Hill, 121.) The difficulty in this case is, that there is no proof whatever that Clark’s title, or the possession under it, has any connexion with the title under which the plaintiffs claim. It does not even appear but that it embraced the whole interest. and estate in the tract of which the lot in question is a part, or that it was not derived from a source in hostility to that of the plaintiffs Before, the defendant can claim any thing in the way of imposing the onus of proof of an ouster upon his adversary, by connecting himself with his *119 title, he must show that Clark held the lot as co-tenant with the plaintiffs, or with those under whom they derived title. We have seen that this was essential under the old practice, before the defendant was excused from confessing the ouster by entering into a special consent rule ; and then he was bound to admit the title and put himself solely upon the question of ouster, or not. Now that the plaintiff is bound to make proof of title in the first instance, and is still obliged to meet the question of ouster on the trial, we ought, at least, to hold the defendant to as strict proof of the existence of the co-tenancy as he was required to give before he was permitted to excuse himself from confessing the ouster. I am of opinion, therefore, that a new trial should be granted, costs to abide the event.
New trial granted.