ATHERTON USHER & ux. *versus* NATHANIEL M. RICHARDSON.

A married woman, who joins her present husband in a conveyance of real estate, by relinquishing her right of dower therein, is estopped to claim dower in the same, under her former husband.

AN action of dower.   The case came before the Court upon an agreed statement of facts.

Scolly G. Usher was married to Sarah, the demandant, in 1823, and he acquired title to the premises by deed, dated Jan. 1, 1816.   He mortgaged the same in 1818, and died in 1826.   The demandant, as his administratrix, sold the land to Atherton Usher, whom she afterwards married.   Atherton

sold the land by warranty deed, in which the demandant join-
ed, " in token of relinquishing her right of dower in the prem-
ises." Out of the avails of that. sale, she paid the mortgage
debt, and discharged the mortgage.

The defendant has the title which that deed from Atherton
and the demandant conveyed.

*A. W. & J. M. True,* for demandant.

Her relinquishment of dower in the deed executed by Ath-
erton Usher, her second husband, was but a relinquishment
of her contingent right to dower acquired by her marriage with
him, and not the absolute estate before obtained by the death
of her first husband. *Powell & ux.* v. *Mon. & B. Manf. Co.*
3 Mason, 348; *same case,* 4 Mason, 275; *Catlin* v. *Ware,*
9 Mass. 220, 172; *Bolton* v. *Ballard,* 13 Mass. 227; *Smith*
v. *White,* 1 B. Mum. 16. The words of relinquishment are
not broad enough to include this separate estate. 13 Pick.
383; 13 Mass. 223; 4 Mason, 275.

But even if she conveyed away her right in the equity of
her first husband's estate, as well as her right under second
husband, by signing this deed, she afterwards acquired an
equitable right to dower in the legal estate, by paying up the
mortgage debt.

*Swasey,* for defendant.

SHEPLEY, C. J. — Sarah M. Usher, the wife of the other
demandant, claims dower in the premises as the widow of
Scolly G. Usher, deceased. Her rights are presented upon an
agreed statement. It is admitted, that her former husband
was seized of an equity of redemption in the premises during
the coverture. That the estate has been redeemed from the
incumbrance. That Atherton Usher, her present husband,
conveyed the premises on January 29, 1830, by a deed con-
taining covenants of general warranty, to Andrew Wiggin,
from whom the tenant derives his title. That his wife, Sarah
M. Usher, became a party to that conveyance by signing and
affixing her seal to it, " in token of her relinquishing her right
of dower in the aforesaid premises."

The question is presented, whether she thereby relinquished all her right of dower, as well that derived from her former, as from her present husband.

The solution of it must depend upon the construction of the statute then in force, c. 40, § 6, and the language used by her in that conveyance.

By the provincial act of 1697, a widow could not be deprived of her dower, " who did not legally join with her husband in such sale or mortgage, or otherwise lawfully bar or exclude herself from such dower or right." The language quoted was re-enacted by the act of Massachusetts, passed on March 10, 1784. The statute, c. 40, did not contain the same language. Other language was substituted. She was no longer required to join with her husband, or otherwise lawfully to bar herself of dower, but was to have her dower, " except where such widow by her own consent, may have been provided for by way of jointure prior to the marriage, or where she may have relinquished her right of dower by deed under her hand and seal." No particular form of words or union with any particular person, is by this statute required. She may relinquish her right of dower by any legal conveyance containing language suited to effect that purpose. She could therefore relinquish her right of dower by uniting with her former husband during his life, or with her present husband in a conveyance, or by making a release of it, while she remained a widow. Nor would it be necessary, that any title should pass by the conveyance of the husband with whom she thus united. *Stearns* v. *Swift*, 8 Pick. 532.

Her right of dower being contingent during the life of her first husband, became absolute upon his decease; but it would continue to be a right of dower merely and not an estate, until it had been assigned. *Rex* v. *Northweald Bassett*, 2 B. & C. 724; *Siglar* v. *Van Riper*, 10 Wend. 414. The statute makes no distinction between the contingent and the absolute right of dower. All that is required to bar either or both is, that she should relinquish her right of dower by deed under her hand and seal. Nor could it have been the inten-

tion to limit her power to the relinquishment only of her right, while it continued to be contingent. Such a construction would require restrictive words to be introduced, where none are found. It would deprive a widow of the power to relinquish her right of dower, either while she remained a widow or after her marriage with a second husband before her dower had been assigned. It would be opposed to the construction of the former statutes, from which the statute, c. 40, was derived, with the use of more general and comprehensive language. *Fowler* v. *Shearer*, 7 Mass. 14 ; *Rowe* v. *Hamilton*, 3 Greenl. 63; *Stearns* v. *Swift*, 8 Pick. 532.

If Atherton Usher had never become the owner of the premises, it would seem to be quite certain, that Sarah M. Usher, his wife, by uniting with him in the deed of conveyance of the premises to Wiggin, and using the language contained in it, must have relinquished her right of dower in the premises. The language used by her would have been appropriate and sufficient for that purpose. There would have been nothing else, to which it could have been applicable. If the design had been to accomplish that object alone, the covenants contained in the deed being omitted, no more appropriate conveyance could have been desired. No court could have refused to give it that effect without denying it to be effectual for any purpose. The fact, that it was an operative conveyance on the part of the husband, cannot alter its effect upon the rights of the wife. It cannot therefore be correct to assert, that she must have united as a grantor in the deed with her husband to relinquish her right of dower derived from her former husband. Nor can the fact, that she became entitled to a contingent right of dower as the wife of her present husband, in two-thirds of the premises, prevent her conveyance from operating, as it would otherwise have done, to relinquish her right of dower derived from her former husband. By the language used in that deed she relinquishes " her right of dower in the aforesaid premises." This embraces all her right of dower, whatever it might be. The language does not admit of any interpretation, which will limit it so as to include only

the contingent right of dower in two third parts of the premises. There is nothing leading to the conclusion, that it was used or intended to be, as applicable rather to the contingent, than to the absolute right. It is equally applicable to either, and it embraces both. So far as the intention of the parties can be collected from the circumstances presented, it will lead to the same conclusion. If a statement had been made at the time, when the deed was executed, that her relinquishment of dower, would only prevent her claiming dower in two-thirds of the premises, if she outlived her husband, and that it would not prevent her from claiming and obtaining dower immediately in the whole premises as the widow of her first husband, can there be any doubt, that she, as well as the purchaser, would have been greatly surprised, and that the sale and purchase would not have been completed without the insertion of language designed to prevent such a result.

If the language used by her be sufficiently comprehensive to include all right of dower from whomsoever derived, and the intention to have it so operate be clear, no court can properly refuse to allow it to have its legitimate effect to bar her right of dower in the premises.          *Plaintiffs nonsuit.*