Luke Wood, appellant, *vs.* George Morton, appellee.

*Appeal from Peoria.*

In ejectment, under our statute, a party cannot recover, unless he shows himself entitled to the possession at the time of the demise laid in the declaration.

On the trial the plaintiff is not bound to prove the accruing of his title precisely as laid, if he show a title anterior to the day named in the declaration.

A tenant is entitled, in this action, to a notice to quit; but this may be superseded, and the tenancy terminated, by the denial of the tenant, by word or act, of the title of his landlord.

This was an action in ejectment, by notice and declaration, in the usual form, brought in the Peoria Circuit Court, by appellee against the appellant, to recover the possession of lot number eight, in block number twenty, in the town of Peoria. The cause was heard at the June term, 1848, before a jury, Caton, Justice, presiding; when a verdict and judgment were rendered for the appellee. A motion for a new trial was overruled. The errors and facts in the case upon which the decision of this Court is based, will sufficiently appear in the opinion of the Court.

N. H. Purple and E. S. Leland, for appellant.

C. Ballance, for appellee.

Opinion by Mr. Justice Caton:

Under the old practice in ejectment, when the names of fictitious parties were used, the plaintiff could not recover, unless he showed himself entitled to the possession at the time of the demise laid in the declaration. Goodtille *vs.* Herbert, 4 Term R., 680; Jackson *vs.* Wheeler, 6 John. R., 272. The same

principle obtains under our statute regulating the action of ejectment, and abolishing the fiction formerly resorted to. In this case, the declaration avers, that the plaintiff was possessed of, and had a fee simple title to, the premises in question, on the first day of June, 1844; and the deed from Metcalf to himself, which is the only title established in himself, is dated on the 21st day of the same month. At the time, then, when he avers in his declaration that he was possessed of the premises, and when he avers that he was ejected by the defendant below, his title had not accrued, nor did it accrue till twenty days after. This was a fatal objection to the plaintiff's right to recover. The seventh section of our ejectment law provides, "it shall be sufficient for the plaintiff to aver in his declaration that (on some day therein to be specified, and which shall be after his title accrued,) he was possessed of the premises in question," &c. The requirement of the statute is positive that the time laid in the declaration, of the plaintiff's possession, shall be subsequent to the time when his title accrued. Unless this is done, the plaintiff cannot recover; for, to that extent, the time laid is made material. The same construction was given to the statute of New York, from which ours is taken. In the case of Sigler vs. Van Riper, 10 Wend., 414, the Court said, "the averment of title must be laid subsequent to the title actually accruing, and an ouster must be stated on some day afterwards. On the trial, however, the plaintiff is not bound to prove the accruing of his title precisely as laid; it is enough if he show title before the day laid in the declaration." But the opinion of any Court, that the statute means what it expressly says, can hardly strengthen our convictions that such is the case. Certainly it was not necessary to prove that the law is as the Legislature has declared.

But it was insisted by the counsel for the defendant in error, that Morton had title anterior to that claimed under the deed from Metcalf, and before the time laid in the declaration. If this be so, the record certainly fails to show it. We may infer from Metcalf's testimony, that Morton had, previous to that time, some equitable interest, at least, in the premises; but of a legal title there is no intimation, much less proof. If the record does not show the case as it appeared on the circuit, that cannot be helped now, for here it must be tried by the record alone.

As this is conclusive against the right of the plaintiff below to recover, at least as the case appears on this record, it is unnecessary for us to go further and inquire into the propriety of the instructions given and refused, although it may not be improper to remark that we fully recognize the existence of the common law rule, by which the tenant may be entitled to notice to quit, and that the necessity of that notice is superseded, and that the tenancy may be terminated by the denial by the tenant, by word or act, of the title of his landlord.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded, with leave to the plaintiff to amend his declaration.

*Judgment reversed.*