## ASH *a.* COOK.

*Supreme Court, Second District; Special Term, November,*1856.

### LEAVE TO CONTINUE ACTION.—DOWER RIGHT.

Until the assignment of dower, the widow has no estate in the lands ; but a right in action merely.

Therefore, where the plaintiff in an action to recover real property dies, and his heir applies for leave to continue the suit, it is not necessary that the widow should join in the petition, or be made a party to the subsequent proceedings.

Motion by an heir for leave to file a supplementary complaint, and continue a suit brought by her ancestor; also for leave to amend the original complaint.

This action was commenced in May, 1852, to recover the possession of a lot of land in Brooklyn. The defendants answered. In March, 1854, plaintiff died, intestate, and without having disposed of the land, or of the action pending in respect to it. He left him surviving his widow, and a grand-daughter his only heir-at-law. The latter, on a petition stating these facts, now moved that she might have leave to file a supplemental complaint,—that the action might be continued in

her name as heir-at-law and successor in interest of the deceased,—and that she might be substituted as plaintiff. Leave to amend the complaint was also asked for.

The defendants objected that the petitioner was not the sole successor in interest;—that the widow, being shown to survive, had an interest in the lands, and should be joined in the petition, and in the further proceedings if the action was continued.

*Fish & Jackson,* for the motion.

*Wm. E. Curtis,* opposed.

BIRDSEYE, J.—The objection cannot be sustained. The right of dower, though highly favored in law, is not of the nature supposed. It is, before assignment, a right resting in action merely. Till the assignment of her dower, the widow has no estate in the land out of which such dower arises. (Green *v.* Putnam, 1 *Barb. S. C. R.*, 500 ; Lawrence *v.* Miller, 2 *Comst.*, 245 ; Stewart *v.* McMartin, 5 *Barb.*, 438.) The reason for this was given long ago.—" Because it doth not appear before assignment, what part of the lands or tenements she shall have for her dower." (*Co. Litt.*, § 43, 37 *a.*) Though she may tarry in her husband's chief house for forty days after his death, yet upon the expiration of her quarantine, the heir may put her out of possession, and drive her to her suit for her dower. (*Co. Litt.*, 34 *b.* ; Siglar *v.* Van Riper, 10 *Wend.*, 419, 420.)

Were the court now to require the widow to be joined as a party plaintiff, the defendant might, perhaps, with entire truth, allege and prove that she had no estate or interest in these lands ; that her husband left other lands, a part of which had been assigned her as her dower in all the lands of her husband ;—and might take judgment against her for the costs of a suit, in which he had insisted she should be joined as plaintiff.

The leave to file a supplemental. complaint and continue the action, is granted. The motion to amend cannot be made, at the present stage of the action; and is denied without prejudice.