## ODOM v. WEATHERSBEE.

1. There being some evidence, though far from clear, to support plaintiffs' claim, a non-suit was improper.
2. Where parties sue to recover land and prove that it was the property of their intestate ancestor, they should not be non-suited even though their testimony showed that the defendants had acquired an interest therein. Difficulty in determining the interests of plaintiffs does not prevent a recovery by them of such interests. ·
3. Where a tenant in common conveys his share to a stranger, who claims title to the whole, there is an ouster, and the co-tenant may sue at law to recover his portion.
4. Long possession by a tenant in common, without ouster, does not give title as against the co-tenants; and ouster will not be presumed.

Before PRESSLEY, J., Barnwell, November, 1885.

The opinion fully states the case as contained in the appeal record.

*Mr. James E. Davis*, for appellant.

*Mr. Robert Aldrich* read argument of *Mr. H. M. Thompson*, deceased, contra.

March 11, 1887.   The opinion of the court was delivered by

Mr. Justice McGowan.   This was an action to recover a lot in the town of Williston, of which the plaintiffs claimed to be seized in fee.   The defendants at first put in a general denial, but afterwards amended their answer, pleading the statute of limitations, and making the special defence that they purchased the lot from one Martha Hall, and afterwards paid the plaintiff, Cullen B. Odom, and his brother, W. S. Odom (since dead), four hundred dollars, in consideration of which the said Cullen B. and W. S. Odom, for themselves and the other heirs of Hilburn Odom, agreed to abandon their claim to the premises in question.

The pleadings really give no idea of the facts of the case, nor, indeed, are they made clear by the evidence, which has not been formulated into a "case stated" for the judgment of the court, but is printed in full as it was given at the trial.   The two plaintiffs testified themselves, and offered no other evidence.   With some difficulty, the following facts may be gathered from the testimony, with some approach at least to certainty : That the lot in question was the property of one Hilburn Odom, who died probably intestate in the year 1857, leaving a widow, Martha, and four children, three sons and a daughter Sarah.   Two of the sons died early and without issue, leaving only the plaintiff, C. B. Odom, and his sister Sarah, who married the other plaintiff, W. J. Hair, had one child and died "eight or nine years ago," and soon after her death the child also died.

It was not distinctly stated, but seemed to be assumed, that the widow, Martha, married a man by the name of Hall, and lived on a part of the lot until "about seven years ago."   She died in 1883.   It was very vaguely stated that the widow, some time after she married Hall, in some way or other, sold the lot to the defen-

dants, or some of them; but it did not appear to whom, when, or how, or that the estate of Odom had ever been partitioned. It was admitted, however, that the lot belonged to Hilburn Odom at his death, and that his widow, Mrs. Hall, was entitled to one-third interest in it. In the cross-examination of C. B. Odom some testimony fell out, tending to show that he had received money (perhaps $150), in part payment of "his interest in the Martha Hall lot in Williston," but we can find no evidence connecting the daughter, Sarah, or her surviving husband, Hair, with that transaction.

At the close of the plaintiffs' case, the defendants moved for a non-suit, which the Circuit Judge granted on the following grounds: "I. That the first mentioned plaintiff's mother (Martha Hall) had one-third interest in the land, and there was no proof before the court, who of the defendants, and in what shares, had bought out or taken that interest. II. That there was proof that she had been in possession more than twenty years, and no proof that would exclude the presumption, that after twenty years' possession she had a good title to the property."

From this order the plaintiffs appeal to this court upon the following grounds: "1. Because it was error for his honor to hold that the action of the plaintiffs should have been for partition and not for ejectment; whereas it is respectfully submitted that the plaintiffs having proven ouster, they had a right to maintain the action in its present form. 2. Because it was error to hold that the proof showed twenty years' possession in the mother of the plaintiffs, and that the same would presume a good title in her against the plaintiffs, and her conveyance to defendants of all the land in dispute was a good and valid title to the same. Whereas it is respectfully submitted that his honor should have held that the mother of plaintiffs only had one-third interest, and there being no proof of her ever having ousted the plaintiffs, they were tenants in common, and she could not hold against them by adverse possession. 3. Because there was no proof that the mother ever conveyed to defendants, and it was assumption in his honor to so hold. 4. Because in view of the facts and the whole case, the non-suit should not have been granted; but his honor should have let the case go to the jury, to have settled the

respective interests of plaintiffs, which would have enabled them to have brought partition afterwards," &c.

It is certainly true that the evidence was vague and unsatisfactory, but after a careful examination it seems to us there was some—enough to make a *prima facie* case, and to put the defendants to the proof of their case. It was admitted that the lot was of the intestate property of Hilburn Odom, of which Mrs. Hall, his widow, was entitled to one-third, and it followed that his children were entitled to some portion of the other two-thirds. It may be true, as argued, that the death of the two brothers without issue, and of the sister, Sarah, and her child, made it somewhat complex to determine what was the precise interest of the plaintiffs; but upon the facts proved, that was a question of law, and really constituted no good reason why they should not recover that interest, whatever it might be, unless it had in some way passed from them. The Circuit Judge says there was no proof "who of the defendants, and in what shares, they had bought out and taken the interest of the mother." That is true, but the plaintiffs were not to know in advance under whom the defendants held, whether they held under their mother or some one else; or, if they held under their mother, when they entered and how, of what shares or how long they had held possession. These were matters which pertained to the defence, after it appeared that the lot had been the intestate property of Hilburn Odom, the ancestor of the plaintiffs.

If the Circuit Judge was right, as we think he was, in concluding that there was evidence enough to show that the defendants entered in some way under the mother, Mrs. Hall, they did not claim simply in accordance with her interest, one-third, but the whole lot, denying that the children had any interest in it. Under these circumstances, we think the children had the right to bring an action at law against the strangers in possession of the whole and claiming to be the absolute owners. It is true that the children and their mother were tenants in common, and that one tenant in common cannot at law sue his co-tenant, unless there has been an actual ouster. But when one tenant in common conveys to a stranger, who sets up title to the whole and denies that the other tenant has any interest, there is ouster, and

the stranger may be sued in an action at law. "Two tenants in common may bring action against a stranger in possession of their land, to recover their shares, without making other co-tenants, holding a third share of the land, parties, but the verdict should be only for their aliquot parts." *Dorn* v. *Beasley*, 6 *Rich. Eq.*, 409; *Bannister* v. *Bull*, 16 *S. C.*, 220; *Siglar* v. *Van Riper*, 10 *Wend.*, 414.

We cannot agree that Mrs. Hall had acquired title as against her children by her long possession. It does not appear precisely when she sold to the defendants, but she must have transferred at least a part of the lot before January, 1877, when C. B. Odom acknowledged to S. A. Rozier, one of the defendants, the receipt of money "in part payment of his interest in the Martha Hall lot." . Her first husband, Odom, had died in 1857, so that, at least as to Rozier, she was not in possession more than twenty years. But suppose she had been, and no notice is taken of the minorities of her children, we do not see that such possession alone would give her title against her children, with whom she was tenant in common. We can find no evidence that the mother ousted her children, and it will not be presumed. *Frost* v. *Frost*, 21 *S. C.*, 501.

While the evidence was far from clear, and the defendants may be able to prove good title, we think there was enough to go to the jury, and the plaintiffs are entitled to a new trial.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.