The opinion of the court was delivered by
Gibson, J.
This ejectment was brought by the defendant in error,for a tract of land purchased at sheriff’s sale as the property of Caleb Kirk, under whom the defendants came into possession.' The’ plaintiff offered in evidence the‘original record of the judgments on which the land was sold, certified on a writ of error from the Supreme Court, by the same court in which this' action was tried;, to which the defendants objected — First, Because nothing less than an exemplification of these i’ecdrds, authenticated withs the s*eal of the Supreme Court, was competent, the records being at the time in that court; and, secondly, Because no evidence had been given of title in Caleb Kirk, under whom it had not then been made appear that the defendants had come into possession.
In contemplation of law, these records were undoubtedly in the Supreme Court; but that the Court of Common Pleas could not take notice of them as records, without their being authenticated with the seal of the court in, which they were, is .an assertion that depends on an argument more technical than solid. It is in general true, that a court can determine on the authenticity only of its own records by inspection, and that full faith and credit can be given by it to all other records, only on the foot of an authentication with the seal of the court to which such records belong. But there are peculiar circumstances in the case before us, which are equipollent to the seal of the Supreme Court. 'These records had been certified by the court in which the issue was trying, to the Supreme Court on writs of error, and were precisely in the condition in which they were sent by the court below. The judges of that court, therefore, were not strangers to them. They could not but know that they had been records of their own court, for their own return was attached to them; and this led inevitably to the conclusion, that those records remained still in the Supreme Court. The judgments could not have been reversed; for the Su* *156 preme Court is required in that event to endorse its judgment on the. record itself. What use then for an authenticated copy,'when that which was produced was indisputably the original ? la England, records are not permitted to be carried from place to place; but in Pennsylvania, we know that the original records of the land office, as well as of the courts of justice, are permitted to be taken to any place within the state, where the production of the original is necessary to the administration of justice; and in such case it is never authenticated with a seal, but proved to. be the original by parol evidence. If, then, there was enough to satisfy the court that these were records of the Supreme court, (and for that purpose'I think its own return to the writs of error was amply sufficient,) there was no error in letting them go to the jury. ,
But the docket entries of these suits, were read to the jury from the docket which all along remained in the court below; and this also is alleged as error. No doubt a writ of error removes every part of the record. But here the object' was to prove what the record was beforé it was removed, when the land was sold on these judgments; and it would be refining too much to say that the court below, having certified these entries to the Supreme Court, cannot look into the docket from which they were taken to see what they are, but must wait till they are certified back again by the Supreme Court.
Another ground of exception, common to the first five bills of exception is, that the judgment and subsequent proceedings were not admissible without at least colour of title being shown in Caleb Kirk at the lime of the sale. Granting that at this stage of the trial, it did not appear the defendants had come into possession under Kirk, yet what was there to prevent the plaintiff from beginning with this part of his evidence first? The order of giving evidence is. subject to the discretion of the court, and is not the subject of error. ' The evidence might properly have been rejected for irrelevancy, but, having been admitted, we are to suppose that it was coupled with an offer subsequently to show title in Kirk, or that the defendants came into possession under- him. There may, however, be cases in which the court may be bound to reject for irrelevancy, but this is not one of them, and on this record we cannot say the court was W'rong.
The sixth bill of exceptions is abandoned. The seventh raises a naked question, whether the copy of a notice to quit is competent without notice, to produce’the original. Every written notice is, for the best of all. reasons, to be proved by a duplicate original; for if it were otherwise, the notice to produce the original could be proved onlyin-the same way as the original notice itself; and thus a fresh necessity would be constantly arising ad infinitum,, to prove notice of the preceding notice; so that the party-would, at every step, be receding instead of advancing.
The eighth and ninth bills of exception are abandoned. The *157 question arising on the tenth and eleventh, is whether Caleb Kirk was a competent witness for the defendants. When he was offered, it appeared that the defendants had come into possession under him; but he and they, with the exception of one of them, had reciprocally released each other. In the event of a recovery in.this action, the witness would undoubtedly be liable to the defendants on the implied covenant in the lease; and hence a question whether the’release of two lessees will bar the third. This will depend on whether the tenancy be joint or several; for- the covenant raised by implication will follow the nature of their estate; and the release of one will bar the others only where the covenant is joint. Here we cannot pronounce whether the defendants were joint tenants of tenants in common; or even whether their possession was not several, each holding particular parts of the premises under- distinct leases: and, to render the release of the two binding on the third, required of the defendant, to show that the three were joint covenantees; for the release of one will not be presumed to bind another till sufficient to produce that consequence be shown.
The question arising on the twelfth and thirteenth bills of exceptions, is whether the mortgage and release of the equity of redemption tb Eisenhart were competent evidence. At the time they were offered, the defendants did not pretend that they had not come into possession under Kirk: they stood in his place, and could urge no defence which would not have been open to him, had he been a defendant. But nothing is more clear, than that he could not have set up the defence which was attempted, being estopped by the judgment from disputing the purchaser’s right to the possession under it; and the defendants also, standing in his stead, are consequently estopped. They have thus failed in all their points, and the judgment is affirmed.
Judgment affirmed.