# Young *against* Algeo.

In an action of ejectment brought by a purchaser at sheriff's sale against the defendant in the execution, who remains in possession of the property sold, the defendant will not be permitted to set up an outstanding title to the possession in another. The plaintiff having purchased not only all the estate and the interest of the defendant in the premises, but likewise his possession, however it may have been acquired, is entitled to recover it, and the defendant will be estopped from showing that it was not founded in right, or was other than lawful.

The unexpired interest of a tenant in a lease for seven years was sold at sheriff's sale. In a few months after the sale, the lease expired. The tenant was suffered to remain in possession. Several years elapsed after the expiration of the lease before the purchaser brought his ejectment against the tenant. In the mean time the tenant acquired a new right to the possession, founded upon a new lease. Held, that an *interest* having passed to the purchaser at sheriff's

[Young v. Algeo.]

sale, the tenant had a right to show what it was, that it had expired by its own limitation, and that he was in possession under the new lease.

When there is a verdict rendered in ejectment against tenants not served, they cannot be dispossessed under the judgment upon the verdict.

WRIT of error to the common pleas of *Alleghany county*.

This was an action of ejectment brought in the court below to April term 1831, by Algeo, the defendant in error, to recover the possession of a lot of ground, No. 9, on the plan of the Garrison lots, situate in the city of Pittsburgh, bounded by Liberty and Hand streets.

The facts of the case, as disclosed by the evidence and offered to be proved on the trial, were, that John Aitkin being the owner in fee of the lot in question, on the 20th of April 1816, by articles of agreement of that date, executed by and between Aitkin and John Young, the plaintiff in error, under their respective hands and seals, leased the lot in controversy to Young for the term of seven years, to commence on the 1st of the same month of the date of the articles, for the yearly rent of 150 dollars, to be paid quarterly on the 1st days of July, October, January and April in each year by Young, beside all taxes. It was also further agreed, as appeared from the articles, that Young should have the right of extending the length of the term one year beyond the expiration of the seven; and that Aitkin, upon Young's paying to him at any time during the eight years the sum of 2500 dollars over and above all the rents due and in arrear at the time, should execute and make a deed of conveyance of the lot in fee simple to Young; but in case Young did not pay the 2500 dollars within the time mentioned, the lot was to revert to Aitkin, and Young was to surrender the possession of it to Aitkin at the end of the seven or the eight years at farthest, in good reasonable order. While Young was in possession of the lot under the lease and articles of agreement, Algeo, the defendant in error, obtained a judgment against him for a sum of money in the common pleas of Alleghany county; upon which the lot was taken in execution and sold to Algeo by the sheriff as the property of Young, under a writ of *venditioni exponas,* returnable to January term 1823. A deed consummating the sale was made and acknowledged in due form by the sheriff to Algeo.

The articles of agreement already mentioned were offered in evidence on the trial in the court below by the plaintiff in error to show the nature and extent of the interest which he held in the lot at the time of the levy and sale, and that it had expired by its own limitation long before the commencement of this action. And again—to show that he was in possession of the lot at the time of commencing the action of ejectment, under a newly acquired right, arising out of a subsequent contract made with Aitkin, the owner of the reversion in fee of the lot at the time of the levy and sheriff's sale—he further offered to read in evidence the record of a proceeding in the court

[Young v. Algeo.]

below, showing that a parol agreement made on the 1st day of December 1826, between the said Aitkin and Thomas B. Young, a minor son of the plaintiff in error, and the plaintiff in error himself, was duly proved in said court, and ordered to be recorded in the recorder's office of the county; whereby Aitkin agreed to convey by deed the lot in fee to Thomas B. Young, subject to the payment of a ground or quit rent of 156 dollars per annum, to be paid quarterly by the said Thomas B. Young; the payment of which was likewise to be secured by the plaintiff in error, and upon which agreement the rent of the first year, to wit 156 dollars, had been paid by Thomas B. Young; but Aitkin dying before he executed a deed conveying the lot, and without having made sufficient provision for that purpose, these proceedings were commenced and had for the purpose of obtaining from the personal representatives of Aitkin a specific execution of the agreement so proved, according to the act of assembly made in such case.     All this evidence, however, thus offered, was objected to by the counsel for the defendant in error, and overruled by the court below.     An exception was taken to the opinion of the court on this point, and is the first and chief error assigned.

It also appeared from evidence given on the trial, that the plaintiff in error only occupied a part of the lot at the time the action was commenced, and that the residue of it had been occupied and was possessed by others, not made parties to the action, for several years. As to this matter the court charged the jury, " that the defendant being in possession of the whole at the entry of the judgment, and of a part of the premises now, the plaintiff was entitled to a verdict for the whole of the lot, although it was proved that other persons were then in possession, and occupying part of the same for more than eighteen months before the bringing of the ejectment." This direction of the court was also excepted to by the counsel for the plaintiff in error, and is made the ground of the second and last error assigned.

*M'Candless* and *Biddle*, for plaintiff in error.

We allege that the court below erred in rejecting evidence of John Young's title.     The general principle is, that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's.     *Add.* 390; 2 *Serg. & Rawle* 65; 3 *Serg. & Rawle* 288.     The court below ought not to have propped up a title of the plaintiff below, which was mere matter of moonshine, by rejecting our evidence.     If John Young had even been a disseisor, he should have been permitted to show his possessory title against the title of Algeo, which had expired by effect of time.     Here the plaintiff in the judgment was the purchaser, and greater latitude should be permitted.     He is presumed to have known the state of the defendant's title when he purchased.     3 *Yeates* 268.     In the case of Simpson *v.* Jack and others, 13 *Serg. & Rawle* 278, which is in point, it was decided that the " defendant should not in any event have been pre-

III.—DD

cluded from defending his possession under the title of his lessor." So here we say Algeo purchased no greater title than Young had at the time of the sale, which in two months afterwards expired. The purchase of Algeo could not affect the title of Thomas B. Young, who claimed by title paramount. 3 *Wash. C. C. Rep.* 551 ; 4 *Term Rep.* 682. In the case of a lease for years, the under lessee was allowed to show that the lease from the original lessor had expired. *Till. Adams on Eject.* 31, 32.

In relation to the second error assigned, the plaintiff in ejectment must prove, first, that he had title ; and second, that the defendant was in possession at the time suit was brought. 6 *Binn.* 454. Here it was in evidence that a part of the property was occupied by other persons. There should have been an actual physical possession of the whole. A constructive adverse possession is not sufficient. The return of the sheriff is only *prima facie* evidence of the possession, which may be rebutted by the defendant. 9 *Serg. & Rawle* 26. The allegation in the writ is, that the "defendant had in his actual possession" the lot in controversy. If he is to be defeated under such circumstances, has there not been a falsehood spread upon the record? What are the consequences? The effect of a recovery in ejectment is an action for mesne profits. In that action the defendant is not permitted to go into the question of possession. He cannot controvert it. In this case he would be estopped by the falsehood thus spread upon the record, and would be compelled to account for the mesne profits of the whole property. The court below cut us off from the inference that the other occupants were in possession under the legal owners.

*Fetterman,* for defendant in error, contended, that there was sufficient evidence of fraud in this case to make it an exception to the general rule. John Young had erected buildings, worth from 2000 to 2500 dollars, upon the lot. 1 *Yeates* 22 ; 2 *Yeates* 443 ; 5 *Binn.* 274. If the defendant be in possession at the date of the judgment and time of sale, the sheriff's vendee has a right to recover. 3 *Wash. C. C. Rep.* 546; 1 *Johns. Ca.* 101 ; 5 *Conn. Rep.* 418; 3 *Cowen* 291; *Till. Adams on Eject.* 307.

The opinion of the Court was delivered by

KENNEDY, J.—In order to decide correctly upon the first error assigned, it may be proper to examine a little into the nature and effect of a judicial sale of real estate made by the sheriff; and to ascertain what it is that the purchaser requires under it. It may be considered a sale by operation of law, and at least as binding and conclusive upon the defendant in the execution, as if he had made it himself in person, or by his attorney duly authorized. "The sheriff," says Judge Washington, in Cooper v. Galbraith, 3 *Wash. C. C. Rep.* 550, "is empowered by law to convey by deed to the purchaser, under an execution, all the right, title, interest and estate of

[Young v. Algeo.]

the defendant, as fully as the defendant himself, or an attorney empowered for that purpose by him, could have done." The officer, in fact, acts as such attorney, appointed for that purpose by the law. The purchase-money is paid to the defendant in the execution, or is applied to his use, in discharge of his debt; between whom and the purchaser the law raises a contract, in like manner as if the conveyance had been made by him. The operation of law is clearly to put the purchaser in the shoes of the defendant in the execution, at the time of the sale. Hence, if the defendant in the execution be in the possession of the property sold, the purchaser is entitled to take his place: and whether the defendant has a right to it, or not, he is estopped from saying afterwards that he had no right at the time of sale, and therefore none passed by it. In an action of ejectment brought by the purchaser, the defendant cannot be permitted to set up an outstanding title or right to the possession in another, more than if he had made the sale himself; the plaintiff having purchased not only all the estate and the interest of the defendant in the premises, but likewise his possession, howsoever it may have been acquired, is entitled to recover it, and the defendant will be estopped from saying or showing that it was not founded in right, or was other than lawful. If the law were to be held otherwise, it is obvious that it would afford facility to the practice of fraud upon creditors. Policy, therefore, as well as the principles of justice, seem to unite in support of the doctrine here advanced. The same rules which obtain in the case of landlord and tenant, after the expiration of the lease, in respect to the landlord's right to demand and recover from his tenant the possession of the leased premises, seem to be applicable to the case of a purchaser at sheriff's sale, who seeks to recover the possession of the land from the defendant in the execution. Stahle *v.* Spohn, 8 *Serg. & Rawle* 326. In the lessee of Galloway *v.* Ogle, 2 *Binn.* 468, it was held that the tenant could not resist his landlord's recovery in ejectment, by virtue of an adverse title, acquired during the lease. Cauffman *v.* The Congregation of the Cedar Spring, 6 *Binn.* 62; Dimond *v.* Enoch, *Addis.* 357; and Jackson *v.* M'Leod, 12 *Johns.* 182, are all to the same effect. And accordingly in Culbertson *v.* Martin, 2 *Yeates* 443, in an action of ejectment by the vendee of a sheriff, it being proved that at the time of the levy and sale the debtor was in peaceable possession of the premises, evidence of a different independent title on the part of the defendant, to whom the debtor had delivered his possession after the sale, was held inadmissible. Neither is it necessary that a purchaser at sheriff's sale, in an action of ejectment brought by him against the person whose land was sold under the execution, or any other coming into possession under him, should show a title or right to have been in the defendant in the execution to the land; it is sufficient for him to show the judgment and the execution, with all the proceedings thereon. If the suit, however, is against a stranger, the title must be made out. Little *v.* Delany, 5 *Binn.* 270; Wilson

[Young v. Algeo.]

*v.* M'Vaigh, 2 *Yeates* 86 ; Cooper *v.* Galbraith, *Wash. C. C. Rep.* 346.

Although the rule seems to be general that the defendant in the execution, and all those coming into possession under him, are estopped by the judgment from disputing the plaintiff's right of possession, Eisenhart *v.* Slaymaker, 14 *Serg. & Rawle* 153, yet upon the ground of estoppel it must be considered subject to some qualification. It is laid down in *Co. Litt.* 45, *a.* that if any interest passes from the party there shall be no estoppel : and recognized in *Com. Dig. tit. Estoppel* [*E.* 8] ; as if lessee for the life of B leases for twenty-one years, and afterwards purchases the fee, and B dies ; he shall avoid his lease for years, though it was by indenture ; because an interest passed by his lease for the life of B ; *Co. Litt.* 47, *c ; Com. Dig. tit. Estoppel* [*E.* 8] ; *Moore* 20; so, also, where a man leased land for years, and his lessee, *after having been in possession a considerable time,* made an under lease ; the under lessee, upon an ejectment brought by his immediate lessor, was allowed to show that the lease from the original lessor had expired, and thereby nonsuited the plaintiff. England d. Syburn *v.* Slade, 4 *Term Rep.* 682.

Now apply the same principles to a purchaser at sheriff's sale of the interest of the defendant in the execution holding the land, and in possession of it under a lease for an unexpired term of years at the time of sale, who lies by until the lease has expired and the tenant has surrendered the possession to his landlord, and he cannot maintain an action to recover the possession from the landlord. But suppose that the landlord at the expiration of the lease, instead of turning the tenant actually out of the possession, gives him a new lease for another term : is not the tenant by this operation invested with the right of the landlord, so far as regards the possession during the continuance of the next term ; and must not his situation, with respect to the purchaser at the sheriff's sale, be precisely the same with that of the landlord, had he taken and retained the actual possession after the expiration of the first lease, or with that of any other tenant to whom the landlord might have leased it again, upon the surrender of the possession to him at the end of the term of the defendant in the execution. That it would be so according to reason and analogy, I think is clear. There can be no estoppel in such case ; for an *interest* having passed to the purchaser at the sheriff's sale, the tenant has, therefore, a right to show what it was; that it has expired by its own limitation, and that he is in possession under a right acquired since, by a subsequent contract, which the purchaser at sheriff's sale cannot even be presumed to have bought or paid for. This doctrine seems to be perfectly consonant to the principles of sound policy as well as that of natural justice, because it tends to avoid circuity of action, and at the same time to secure to all the parties concerned their respective rights, according to the terms of their several contracts. The purchaser at sheriff's sale has no cause of complaint ; for he buys at his own risk, and is bound to

[Young v. Algeo.]

know the nature and extent of the interest or estate which the defendant in the execution has in the land : the maxim of *caveat emptor* applies with full force to him.     Smith *v.* Painter, 5 *Serg. & Rawle* 223 ; Friedly *v.* Sheets, 9 *Serg. & Rawle* 156 ; Auwerter *v.* Mathiot, *Ibid.* 397; Weidler *v.* Farmers' Bank, 11 *Serg. & Rawle* 134; Little *v.* Delany, 5 *Binn.* 270.     And if, after having purchased a real subsisting interest, he chooses to let it expire without attempting to get the possession of it, the maxim of *volenti non fit injuria* will also apply.     So in the case before us, Algeo must be presumed to have known the nature and duration of the interest he bought in the lot ; and if he neglected to claim it afterwards until it had expired by its own limitation, there would be nothing for him to claim or recover. Although, by his purchase at the sheriff's sale, he may be considered as having become vested with all the rights and privileges of the plaintiff in error under the articles of agreement, yet certainly nothing more can be claimed ; and being invested with the rights of the plaintiff in error, he might have elected to extend the term from seven to eight years ; and also as the assignee of the plaintiff in error might have availed himself of the right and privilege granted by the articles, to become the owner of the lot in fee, by paying to Aitkin within that time the sum of 2500 dollars : but if it were not paid or tendered during the eight years, at furthest, this right or privilege, as well as the term, together with all interest in the lot whatsoever, ceased and expired.     Under this view of the subject, the evidence offered by the plaintiff in error, and rejected by the court, was admissible : and there was, therefore, error in rejecting it.

That part of the charge of the court to the jury, which is made the ground of the second error assigned, although I think the court were wrong, could not perhaps, by the verdict found in this case, which is a general one for the plaintiff below, produce any direct injury to the plaintiff in error : because under it he could only be removed from that part of the lot of which he had possession ; and as to the other persons in possession of the residue of the lot, they could not have been dispossessed under the judgment upon the verdict, not having been made parties to the suit.

Judgment reversed, and a *venire de novo* awarded.