Judge Underwood
delivered the Opinion of the Court.
It was determined when this cause was before this court heretofore, that the complainants, now plaintiffs in error, were not bound to accept the bank stock, which Smith as their guardian had purchased for them. See the opinion delivered 19th April, 1832, 7 J. J. Mar. 238.
Upon the return of the case, the circuit court decreed in conformity to the opinion of this court, as it declared; but the complainants, being still dissatisfied, have again prosecuted a writ of error; and now assign for error, that the decree does not give them as much as they are entitled to.
Two objections are urged against the decree. First. It is contended, that the guardian, Smith, should have , „ . been required to abide by a statement oí the accounts *252 annually; and that he should be charged with interest on the balance due by him at the end of each year.
A guardian who invested lunds of his wards in Bank stock, in good faith, for their benefit, If received the dividends in depreciated paper, was held accountable for their money, with interest— to his loss. Under these circumstances, the interest shallnot be-compounded upon him.
The statute regulating the duties of guardians, requires them to settle their accounts annually, and likewise to keep the money of their wards out at interest, upon such security as the county court shall approve.
If the guardian cannot let the money at interest, as provided for by the statute, he is not responsible for interest, unless he uses the money. If he makes use of the money he is bound to pay interest, and the interest which accrues annually, should become principal in his hands, and bear interest for the ensuing year ; and this rule should be applied so long as he uses the money.
When a guardian puts out money at interest for his wards, it is his duty to collect the interest annually, so that it may become a new principal; but if he. cannot do this, so as to convert it into a new principal precisely at the end of the year, he is not- answerable for the want of punctuality in the debtor; and in such case, the interest only becomes a new principal from the time it is put out at interest, or from the time the guardian uses it, after it shall have been collected. If the guardian, in bad faith, fails.to observe the foregoing rules he may be rendered responsible for the want of fidelity in the discharge of his duty.
Now Smith did not use the money of his wards for his own purposes. It is clear that he laid it out, in good faith, in thfe purchase of stock for their benefit. This stock, being depreciated, has, by the decision of this court, fallen upon Smith, and he is required to account with his wards for the money originally received. We think interest ought not, under the circumstances, to be compounded against him. His laying out the money, in good faith, for bank stock, is like putting the money into the hands of an individual at interest. It deprived Smith of its use. The interest, or dividends, which he received from the bank, was a fund which, on the foregoing principies, he ought to have put out at interest; and in order to escape the payment of interest thereon, annually compounded, he should have shewn an effort to comply with the provisions of the statute regulating his *253 duty as guardian, and an inability to make a safe investment under the sanction of the county court. Such would be the ordinary case of receiving interest by the guardian upon money due the ward. But here the greater part of the dividends was paid in notes on the Bank of the Commonwealth, greatly dépreciated. Consequently, Smith did not, in point of fact, receive more than the value of the notes in which the dividends were paid. We cannot count those notes as equivalent to specie, for the purpose of compounding interest ou the guardian, to the full extent of their nominal amount. As the wards will not adopt the acts of the guardian intended for their benefit, we shall put them entirely out of view, except so far as they shew that the guardian did not use the money of his wards for his own benefit. That being the case, we think the requisitions of the statute are satisfied by requiring Smith to account for interest on the principal sum originally received without compounding it. Smith will be the loser by settling the accounts according to (he commissioner’s report. The dividends received will not indemnify him for the interest he will be compelled to pay. The statute was not intended, under all circumstances, to give wards their principal with interest' annually compounded against their guardians. We shall not disturb the decree, in order to give the complainants more interest than they will get as it stands.
A guardian may be allowed, for his services, 5 per cent, on the amount he pays over to the wards.
It is objected in the second place, that the court has allowed Smith more for his services than he was entitled to. The sum allowed is very near, if not precisely, jive per cent, on the whole amount which Smith has already paid, and will be required to pay, counting up to' the dale of the decree. It is, therefore; five per cent, ou the amount of the estate of the wards, and may have been properly allowed without violating the case of Campbell vs. Williams, 3 Mon. 124.
Upon both points, the decree is affirmed, with .costs.