SEABURY BREWSTER *v.* GARRIT H. STRIKER.

SAME *v.* GARRIT H. STRIKER, DAVID THOMAS, DAVID MORRISON and GARRIT H. STRIKER, Junior. (*a*)

Where a testator, by a will made in 1815, devised his real estate to his three grand-children, directing that it should not be sold or alienated, but that his executors should from time to time lease or rent it, on such terms and for such rent as they might deem most advantageous to the heirs, keep certain portions of it in repair, and pay the rents and profits annually to the heirs, in equal proportion; *held*, an *active trust*, and that the executors took the *legal estate* during the lives of the grandchildren.

The duty imposed upon executors by such a will is not a mere leasing power. When something is to be done by them, which makes it necessary that they should have the legal estate, such as the payment of rents and profits over to another's separate use, or any power of management, they take the legal estate.

---

(*a*) These decisions, like the two which follow them, were made several years ago; but it will be observed that they are not of a character which can render material the exact time of their rendition. The opinions were furnished to the reporter, and recommended for publication, when the preceding pages of this work were already in type.

Brewster v. Striker.

The absence of express words of devise is not material. If it be essential to the execution of the trust that the trustees should have the legal estate, they take it by implication of law.

A release or conveyance from trustees to a *cestui que trust* will not be presumed, although the *cestui que trust* has been in possession, and the trustees have ceased to act, for many years. ULSHOEFFER, FIRST J., *dissenting.*

Where trustees are authorized to lease to a *cestui que trust,* and he has been for many years in actual possession of a portion of the premises, it may be presumed that he holds under a demise from them. But under the revised statutes, a tenancy from year to year is all that will be presumed in such a case.

Possession creates the presumption of an estate in fee ; and a plaintiff in ejectment, who claims under a sheriff's deed, is entitled to recover, upon showing that the judgment debtor was in possession at the time of the sale of the premises upon the execution. But if, after showing such possession, he introduces additional evidence, by which it appears that the title is not in the debtor, but in another, he destroys the presumption created by the possession, and having shown the fee out of himself, he cannot recover.

Priority of possession is sufficient to authorize a recovery in ejectment, where nothing but possession is shown by either party. But it will not be sufficient where the title and the right to the immediate possession are shown to be in another person, although not in the defendant. (Note to *Catteris* v. *Camper,* 4 Taunt. 547, commented on and explained.)

A party who has united in an application for the partition of real estate, claiming to be seized in fee of a portion of the land, which is accordingly allotted to and leased by him, is estopped 'thereafter from denying his title.

THESE were actions of ejectment brought to recover certain premises situate in the city and county of New York, consisting of a farm at Bloomingdale and two houses and lots in the city, of which the defendant was alleged to be seized in fee. The plaintiff claimed as purchaser at a sheriff's sale, of all the interest which the defendant, Garrit H. Striker, had in the premises at the time of the recovery of the judgment under which the sheriff sold, to wit, on the 14th day of February, 1840. It was shown on the part of the plaintiff, that at the time of the recovery of the judgment, the defendant was in possession of the farm, and that previous thereto, he had demised the houses and lots for a term of years to the defendants Thomas and Morrison, who were then in possession, as his lessees. It further appeared that the premises in question

originally belonged to John Hopper, who died on the 2d day of August, 1819, leaving a will, by which he devised all his real estate to his three grandchildren, Ann Striker, Winifred Mott, wife of Jordan Mott, and Garrit H. Striker, the defendant, and in which he provided that the real estate so devised to his grandchildren should be disposed of as follows by his executors, that is to say : " *The said real estate shall not at at any time hereafter be sold or alienated, but my executors, or the survivor of them, shall from time to time lease or rent the same, on such terms and for such rent as they may deem most advantageous to my said heirs, and the rents, issues and profits of the same shall be annually paid by my executors, and the survivor of them, or the executor or administrator of such survivor, to my said heirs, in equal proportions ;* and if either of my said heirs, or their children, lawfully begotten, shall choose to occupy any part of my said real estate, he, she or they shall have a preference to any other applicant, on paying a reasonable rent for the same." "And in case any of my said heirs or devisees shall die without lawful issue, then and in such case my will is, that the share of the one so dying shall be and enure to the sole use, benefit and behoof of my said grandchildren, and the survivor of them, and the heirs of such survivor forever." The testator then further provides, that " notwithstanding any devise or bequest herein before contained, it is my will and desire that my wife shall, during her widowhood, occupy my present dwelling-house, with five acres of land adjoining the same," (part of the premises in question,) " which, together with the fences, shall be kept in repair by my said executors, or the survivor of them, and shall also have firewood sufficient for her use, to be cut off my said farm ; and further, that during her said widowhood she shall be annually paid, out of the proceeds of my real estate, one hundred pounds." The will of Hopper was admitted to probate, and the executors qualified and took upon themselves the execution of the will. The three grandchildren are still living. The defendants, Garrit H. Striker and Winifred Mott, respectively,

having lawful issue living, but Ann Striker being unmarried and without issue. On the 28th of November, 1820, Ann Striker applied by petition to this court for a partition of the said estate so devised, setting forth that she was owner in fee of an equal undivided third part of said estate, as tenant in common with the defendants, Garrit H. Striker and Winifred Mott, and that they were owners in fee, respectively, as tenants in common, each of one equal undivided third part thereof. The defendant, Garrit Striker, duly appeared and answered such application, and severally admitted all the facts set forth therein, and consented to such partition. Upon which application, commissioners were appointed, who made partition of the said estate in due form, setting off and allotting to the defendant a portion of the premises, to be held and enjoyed by him in severalty, in fee simple for his part and share thereof, which portion covers and includes the property in question in this suit; all of which was duly affirmed by this court, and a judgment for said partition rendered accordingly, in March, 1821; and on the 8th of April following, Ann Striker and Winifred Mott released to Garrit H. Striker all their interest in the portion allotted to him. From the decease of Hopper to the partition, Garrit H. Striker continued in possession of the farm with the assent and concurrence of the executors, and after the partition, he continued to occupy and still occupies the portion allotted to him. The executors let, repaired, and paid taxes upon the two houses and lots in the city of New York, parcel of the premises claimed, up to the year 1826. All of said executors are now dead. On the 14th of February, 1840, a judgment was recovered against Garrit H. Striker, in the superior court of the city of New York, under which judgment his right, title and interest in the premises in question was sold by the sheriff and purchased by the plaintiff, to whom the sheriff executed a deed of conveyance on the 21st of February, 1844. The cause came on to be tried before DALY, J., and the plaintiff having rested upon this state of facts, the defendant's counsel moved for a nonsuit on the following grounds:

1st. That under the last will and testament of John Hopper,

deceased, the executors of the will and the survivor of them, took an estate in the premises in question, in trust for the three grandchildren of John Hopper, named in the will, during the lives of the three grandchildren.

2d. That the interest taken by Garrit H. Striker, under the will, was an equitable and not a legal estate.

3d. That no estate in the premises passed by virtue of the sale made by the sheriff under the judgment and execution above set forth; nor was any title or right to the possession of the premises conveyed to or vested in the plaintiff by the deed executed by the sheriff as above set forth; and that under the will, sheriff's sale, partition and deed, the plaintiff was not entitled to recover.

4th. That the plaintiff had not proved nor given in evidence any such title to or right to the possession of the lands claimed in the declaration, so as to entitle him in law to recover.

The nonsuit having been granted, the counsel for the plaintiff now moved to set it aside and applied for a new trial. The application was made in banc before Judges ULSHOEFFER and INGRAHAM.

*Daniel Lord* and *George Wood*, for the plaintiff.

I. It was shown that Garrit H. Striker was in possession, which was sufficient to entitle the plaintiff to recover. He was in actual possession of the farm, and the defendant, Thomas D. Morrison, held under a demise from him, and they were estopped from denying that he had seizin and possession.

II. The executors under the will of Hopper took no legal estate in the premises. The will merely gave them a trust power, which was inoperative and void as tending to a perpetuity, or a mere leasing power, which did not carry with it the legal estate.

III. Under the will, Garrit H. Striker took a fee tail in the premises demised, which was converted by the act of 1786 into a fee simple absolute, the limitation over being upon an indefinite failure of issue. (2 Cow. 133; 26 Wend. 119.)

IV. Even if the power in trust was valid, and the failure of issue is to be confined to the first taker, then, under the will of Hopper, the plaintiff took a direct devise of a fee in an undivided third, subject to a power in trust in the executors, during the three lives, to demise the lands, and to an executory devise over, in case of his death without issue surviving. This was alienable, and would pass by a sheriff's sale. (6 Hill, 601.)

V. Supposing that by the will, taking effect in 1819, the executors took the fee by implication, to save supposed trusts of the will during the three lives, such trusts were, prior to the revised statutes, subject to be extinguished by the demand of a conveyance by the *cestui que trust*. They were, therefore, by the revised statutes, changed into legal estates in the *cestui que trusts*. Here was nothing discretionary in the trustees. No such active management as the revised statutes contemplated in trusts continued.

VI. The trusts would be illegal under the revised statutes, and so are to be deemed converted into legal estates.

VII. The possession of Garrit H. Striker, in the absence of all explanation to qualify that possession, is evidence of a *release* to him by the executors, of the legal estate and of his seizin in fee. This possession carries with it such a presumption, especially since the executors have ceased to act for so long a period, and the title being in him, it passed by the sheriff's sale to the plaintiff.

*Edward Sandford* and *Charles O'Conor*, for the defendants.

I. The plaintiff cannot recover without showing a present legal estate in Garrit H. Striker; a mere tenancy at will under the trustees, though saleable under an execution before the revised statutes, is no longer so.

II. The executors took a *legal estate* in the lands, at least during the lives of the grandchildren respectively. It is unnecessary to inquire whether their estate had any longer duration.

III. If the devise was intended to vest in the executors a

legal *fee simple*, and in the children an equitable *fee tail*, for the purpose of restraining and preventing alienation, such devise would not be invalid as tending to a perpetuity.

IV. The true construction of the will is, that the trustees took a legal estate in each third during the life of each grandchild, with a contingent legal remainder in fee simple to the issue of each grandchild; subject to an executory devise over, in the event of there being no issue living at the death of such grandchild.

V. The provisions of 1 R. S. 727, §§ 47, 48, did not convert the equitable estate of Garrit H. Striker into a legal estate.

VI. The decree in partition was void. The grandchildren had no present legal estate, and the trustees were not made parties.

Judge ULSHOEFFER delivered a brief opinion in favor of setting aside the nonsuit, placing the plaintiff's right to recover upon the fact of the defendant, Striker's, possession, and adopting, in the main, the views of the plaintiff's counsel. Judge INGRAHAM remarked, that his views were adverse to the plaintiff; but, that as he and Judge ULSHOEFFER differed in opinion, it would be necessary to order a re-argument before the whole court. The case was accordingly re-argued at the next term, by the same counsel, when the following opinions were delivered:

DALY, J.—To enable a plaintiff in ejectment to recover, he must have a valid and subsisting interest in the premises claimed. (2 Rev. Statutes, 400, § 3, 3d edit.) And he is bound to specify in his declaration the nature of that interest: whether he claims in fee, for his own life, the life of another, or for a term of years, specifying such lives or the duration of such term. (2 Rev. Stat. 3d edit. 401, § 10.) The plaintiff claims the premises in fee, and he may recover, if it appear that Striker had such an estate on the 14th day of February, 1840. If an estate in fee existed in Striker at that time, it was bound by the judgment, and passed by the sale and the sheriff's deed

to the plaintiff.    (2 Rev. Stat. 454, § 6; 3 Watts, 223; 2 Yates, 443; 3 Cai. 188; 3 Wash. C. C. Rep. 546; 1 Marsh. 68.)

Striker was in possession of the whole of the premises claimed at the time of the recovery of the judgment, for the leases to Heath and Morrison were made subsequently.    This was *prima facie* evidence of an estate in fee.    The possession of land raises the presumption of such an estate.    (5 Taunt. 326; 7 Wheaton, 59; 2 Black. 196.)    It was a presumption, moreover, which the defendants were estopped from disputing. Striker was estopped, by his participation in and assent to the partition, from denying that he had an estate in fee in the portion allotted to him, and by his leasing to Heath and Morrison, from setting up that he had no estate in the portion demised to them, and they were estopped from disputing his title.    (4 M. & S. 347; 1 Bingh. 147; 2 Ad. & E. 17.)    If the plaintiff, therefore, had rested upon this state of facts, he would have been entitled to recover.    But he did not rely upon Striker's possession.    He introduced the will, and has shown by it, that as respects the premises in question, Striker is but a *cestui que trust*, and that the legal estate is in the executors of Hopper.

Under the will, the executors took a trust estate by implica- tion of law, which continued in the trustees, or the survivor of them, or the executors of the survivor, during the lives of the three grandchildren.    They were authorized to make repairs, and lease and rent the real estate from time to time, on such terms as they should deem most advantageous to the heirs, and were to pay the rents, issues and profits to the heirs annu- ally, in equal proportions.    This was not a mere leasing power. Where something is to be done by the trustees, which makes it necessary that they should have the legal estate, such as the payment of rents and profits to another's separate use, or any power of management, they take the legal estate.    (Bing. N. C. 573; 6 Ad. & E. 206; 2 Williams' Saunders, 11, note.)    Such is the nature of the trust created by this will.    The trustees are to keep part of the land in re- pair, and pay the rents and profits over to the heirs.    It is an *active trust*, which was valid before the revised statutes, and

vested the legal estate in the executors. (2 Paige, 387; 3 East, 553; 1 Eq. Cases Ab. 383; 9 East, 1; 2 Taunt. 109; 4 Taunt. 772; 3 Brown's Parl. Cases, 178 and 458; 2 Term Rep. 444; 1 Brown's Ch. Cases, 74; Ambler, 93; 1 Jarman's Powell on Devises, 221, note 7.) The absence of express words of devise in the will is not material, for if it be essential to the execution of the trust, that the trustees should have the legal estate, they take it by implication of law. (6 Ad. & E. 206; 2 Burr. 860; 2 Jarman's Powell on Devises, 199.) The plaintiff, therefore, by showing that the legal estate is in the executors, has destroyed the presumption of a seizin in fee, which the law implies from the fact of possession. (9 Cow. 86.) The defendants were estopped from showing it, but the plaintiff, by introducing the evidence on his part, has waived the estoppel. (1 Salk. 276; 1 Dev. 208; 2 Dana, 251; A. K. Marsh, 145; 9 Cow. 86.)

It may be claimed that, as against the defendants Thomas and Morrison, the plaintiff is entitled to recover upon the ground of priority of possession; for it has been said, that mere priority of possession, though all other title be expressly disproved, is sufficient in ejectment to enable the plaintiff to recover against every one but the party having the true title. (*Catteris* v. *Camper*, 4 Taunt. 547, note; 2 Saund. 111.) The rule is stated a little too broadly by the reporter, in his note to this case, in Taunton. Priority of possession is undoubtedly sufficient where nothing but possession is shown by either party, for the prior possession carries with it the presumption of a legal title. It is but a presumption, however, which may be repelled, and which the plaintiff in this case has repelled, by showing that the legal estate is in the executors. (2 Roscoe on Real Actions, 488; 2 Term Rep. 749.)

There is no ground for presuming that the executors released to the heirs. Artificial presumptions are allowed in certain cases, where the fact to be presumed is consistent with the power conferred, as where an act is directed to be done, and such act is a necessary link in a chain of title. (6 Bing. 179.) In such case, a jury may presume as a matter of fact that the

act was done. (2 Cromp. and Jerv. 461.) But where it would be repugnant to the power given, no such presumption can arise. The trustees had no authority under the will to release to the heirs. A release by them would be inconsistent with the nature of the trust created, and we cannot presume that an act was done which would amount to a breach of the trust, or be contrary to the duty of the trustees. (8 East, 267.) It might be presumed, consistently with the will, that the executors leased to Striker, but this would not avail the plaintiff, for in the absence of any evidence of the duration of the term demised, we could presume nothing more than a tenancy from year to year, (2 Rev. Stat. 3d edit. 29, § 1,) which ceased on the first of May following the sale of Striker's interest, and before the commencement of these suits. If any presumption can be drawn from Striker's possession, it is that he was a tenant at will or at sufferance, having a mere chattel interest in the land, which was not liable to sale on execution. (2 Rev. Stat. 3d edit. § 5.)

The plaintiff having failed to show that he has an estate in fee, cannot maintain this action. Even if a plaintiff might recover a lesser estate than that declared for, he has not shown that he has any interest which could be the subject of a recovery in ejectment. It is provided by the statute, not only that the plaintiff shall specify in his declaration the nature of the estate he claims, but that the verdict shall express what estate he is entitled to recover, whether in fee for his own life or the life of another, stating such lives, or for a term of years specifying the duration of such term. (2 Rev. Stat. 3d edit., 403, §§ 31, 7, 10.) Where the action is not brought for the recovery of dower, these are the estates which may be recovered; and no such interest appearing in the plaintiff, the nonsuit should be affirmed.

The partition made between the parties, and the possession under it by Striker, would give him no estate subject to execution, if the estate did not vest in him under the will before such partition was made ; and I should rather adopt the conclusion that the legal estate was in the executors under the

will, they having a right to rent or lease the premises, collect the rents, and pay over the proceeds equally to the heirs.

How far the subsequent limitations of the estate may be void, or what estate the survivors would take on the death of either of the grandchildren, is not material to the decision of this case ; the question now being solely as to the legal estate of the defendant, Striker, at the time of the purchase by the plaintiff.

INGRAHAM, J.—Upon the former argument, I was of the opinion that the plaintiff was not entitled to recover, and my views have not since been changed. My conclusions are :

1. That the plaintiff can only recover on showing a title in himself, without reference to the validity of the defendant's title.

2. That the plaintiff having proven the will of Hopper, under which the property passed, is bound by the title which he thereby establishes ; and if he shows that it is not in Garrit H. Striker, he shows no legal title to the premises in himself.

3. That by the will of Hopper, the legal estate during the lives of the grandchildren, is in the trustees, and not in them, and that they cannot alienate the property during their lives.

4. That a conveyance in fee by the trustees is not to be presumed, because it is inconsistent with the trust—they having no authority to convey to the *cestui que trust* during the lives of the grandchildren.

5. That a lease cannot be presumed for a longer period than a year, unless such longer term is proven.

6. I have had more difficulty in the remaining point, viz. : whether the plaintiff could recover by merely proving Striker to be in possession. If there was no other evidence in the cause, I think the plaintiff would be entitled to recover on such proof, because title by possession is *prima facie* evidence of a fee. (9 Wend. 223.) And if the plaintiff had rested on mere proof of possession, and of the leasing and proceedings in partition, the defendant would have been estopped from denying that he had title. But if the plaintiff goes further, and shows

title in another, inconsistent with the title of the person in possession, the case then is entirely changed. The question then is not whether this is such an outstanding title as the defendant could set up for himself, but whether the plaintiff has not shown the fee out of *himself*. (9 Cow. 86.) If he has, then, although the defendant may be in possession as a tenant at will or by sufferance, or without title, or as in this case, being the *cestui que trust* while the legal estate is in another, the plaintiff has shown that there is no estate owned by the defendant which he has a right to, or which he can claim. Although upon this point I feel some hesitation, yet my conclusion is, that the plaintiff having shown a legal estate to the premises to be in the trustees, he is not entitled to recover against the *cestui que trust*, although in possession.

ULSHOEFFER, FIRST J., dissenting.—This is an action of ejectment tried on the 16th September, 1845, and a verdict taken, subject to the opinion of the court. The case has been twice argued before this court.

The plaintiff claims as a purchaser at sheriff's sale, on the 16th November, 1842, of the interest which Striker, senior, had in the premises claimed, on the 14th February, 1840. Morrison is acquitted, and Thomas holds under Morrison, who had a lease for five years, from 1st May, 1841; Striker, senior, being the lessor.

I. It appears to me that Thomas, the tenant in possession, cannot deny the right or title of the lessor for five years, or a title by possession. This is not selling merely the interest of a tenant at will or sufferance, but the legal estate of one who, by his acts, is at all events to be deemed the lessor, having a legal interest commensurate with the lease granted by him. If the judgment did not bind, or was not a lien upon a leasehold interest of a lessor, from the time of docketing, the lessor's interest could nevertheless be sold, as it was, under the execution on the 16th November, 1842. The lessor's title for five years is at least presumptive upon him and his tenants, and it could be sold under execution. This is not selling the lessee's

Brewster v. Striker.

interest, but the right of the lessor, which right or title is presumptively, if not conclusively, established for the time embraced in the lease. The tenant held under this lease, which had not expired when this action was tried  Actual possession is *prima facie* evidence of legal title. The plaintiff comes into exactly such a possession as the debtor had. (2 Black. Com. 196 ; 4 Cow. 602 ; 5 Wend. 248.)

II. The fact also appears that the title of Striker, senior, rests upon Hopper's will of September, 1815, under which the trustees could have held possession and paid over to Striker only his share of the rents. But the trustees are all dead, and since 1826, Striker has been in possession. The presumption then arises from the lease and possession by Striker, that the trustees have released, and that Striker had the title in fee, which could be sold by the sheriff. This cannot be regarded as the sale of a mere equitable interest, or the interest of a tenant at will, or by sufferance, which are not liable as such to sale on execution. (1 R. S. 722, § 5.) This is the sale of the presumptive legal estate or title in fee. (9 Cow. 81–85; 10 Johns. 223.)

III. Legal presumptions may be rebutted, but the defendants have not afforded sufficient proof. The will alone is not conclusive. It is not shown by the acts of the parties that Striker only held a lease, or possession, under the trustees, at will or by sufferance. It is not shown that the trustees acted since 1826, and received the rents and paid them over to the devisees, in execution of the will.

It is not shown that the trustees in fact did not release to Striker.

It is not shown that Striker's lease to Morrison was ever surrendered by the latter, or that Striker, Morrison or Thomas ever attorned as tenants to the trustees.  On the contrary, the acts and possession of Striker, and the silence of the trustees during their lives, indicate that the latter had relinquished and released to the former ; we cannot presume a possession by Striker under the trustees, when the acts of the parties do not countenance such presumption.

IV. A plaintiff in ejectment must recover on the strength of his own title, but this does not preclude him from recovering on a presumptive title in fee, nor from holding a party concluded by his own acts from denying that he had an estate in fee or for years; and a tenant under such party is also bound by his landlord's acts.

V. No trustee under the will of John Hopper has been made a defendant in this suit; if any person now exists who could as trustee, or successor to a trustee under the will, make a valid claim to the estate. Whatever might be the true construction of the will as to the legal estate having been in the trustees or devisees, we cannot disregard the presumptions arising from the silence of the trustees, and now hold, without their claim or any intervention by them in this suit, that the successors or executors of the trustees hold the legal estate. When such executors of any trustees who acted and were duly appointed by the trustees according to the will, bring their action, or come in and support their claim, it will then be proper to decide upon their rights. It does not appear that the trustees ever acted since 1826, or at their decease, according to the will, appointed successors to execute Hopper's will. We have no evidence that any person but the plaintiff has a right or disposition to claim the interest of Striker, except Striker himself, and his tenant, and their pretensions by way of defence are, I think, unfounded and unsupported.

VI. Mr. Striker, junior, has shown no right available in any way in this suit.

VII. The chancellor (in 2 Paige, 388) has not considered or decided the points arising in this suit. And if his views of the construction of the will are correct, it does not follow that the trustees could not release to the devisees; nor that the plaintiff in this suit could not, under the circumstances, recover as against Striker, senior, or those holding under him.

VIII. The other ejectment suit of the same plaintiff against Mr. Striker, senior, differs in some of the facts; Mr. Striker is alone the defendant, and he and the other devisees, under the will of Hopper, partitioned the premises in 1821, and executed

releases. The premises in dispute in that suit are part of the portion assigned to Striker, which he has been in possession of ever since. The presumptions of his title in fee, and of a release by the trustees, are stronger in that case, and are not rebutted. The partition is not binding upon the trustees, who were not made parties; but it does bind the parties, and their long possession since, leads to the presumption that the trustees acquiesced and released.

IX. My first impressions were clear, that the will vesting the estate in the devisees, was not controlled by its other provisions, giving powers to the trustees; but since the re-argument I am less confident in that opinion. If, however, we concede that the trustees were by necessary implication to be regarded as originally having the right, under the will, to hold the legal estate in active trust, for the benefit of the devisees, I still retain the opinion that the plaintiff is entitled to recover in these suits upon the grounds above stated.

X. A plaintiff in ejectment claiming the premises in fee, is entitled to recover, though he only shows title by possession. (9 Wend. 223; 12 Wend. 171.) It is clearly an amendable error. (17 Wend. 80, 81; 20 Wend. 635.)

Motion to set aside the nonsuit denied. (*a*)

---

(*a*) The decision of the court in this case has been affirmed in the court of appeals.

