CASE 73—PETITION EQUITY—OCTOBER 5.

# Fannin vs. Bellomy.

### APPEAL FROM BOYD CIRCUIT COURT.

EXCESS OF LAND SOLD BY EXECUTORY CONTRACT.—For the consideration of three hundred dollars, F. sold to B. a certain tract of land, supposed to contain one hundred acres, more or less. The tract described in the bond embraced one hundred and ninety-two acres, as was thereafter ascertained. B. sued for a specific execution of the executory contract, which was resisted by F. on the ground that the parties contemplated a sale and purchase of only one hundred acres, and alleging that he had offered to convey one hundred and fifteen acres of the .boundary for the three hundred dollars which had been paid, or the whole one hundred and ninety-two acres on being paid for the surplus, which B. refused. *Held—*

*First.* That B. cannot invoke the aid of a court of equity for unconscientious relief, but must himself do equity, or be content with his legal remedy.

*Second.* To resist B.'s asserted equity, oral testimony of a rebutting equity is competent, and this showing that the parties contemplated the sale and purchase of one hundred acres for three hundred dollars, B. is only entitled to a conveyance of one hundred and ten acres. (*Harrison vs. Talbott,* 2 *Dana,* 258 ; *Brown vs. Parish, Ib.,* 6.)

Fannin vs. Bellomy.

EDW. F. DULIN,                    For Appellant,

CITED— .

5 *Littell*, 179–80 ; *Liggett's heirs vs. Ashley, &c.*

2 *Dana*, 258 *to* 269 ; *Harrison vs. Talbott.*

12 *B. Mon.*, 269–71 ; *Grundy's heirs vs. Grundy, &c.*

3 *Met.*, — ; *Fall vs. McMurtry.*

W. C. IRELAND,                    For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This suit was brought by Bellomy against Fannin for the specific execution of a written contract, whereby the latter sold and covenanted to convey to the former, for the consideration of three hundred dollars, "a certain boundary of land" (in Boyd county, describing it), "supposed to be one hundred acres, more or less."

Fannin resisted a specific performance, on the allegation that the sale was for three dollars an acre of the defined boundary, supposed by both parties to contain only about one hundred acres; but that a subsequent survey ascertained that the boundary contains one hundred and ninety-two acres; and his answer alleges, also, that, after the discovery of the true quantity, he offered to convey one hundred and fifteen acres for the three hundred dollars, or the whole boundary for a ratable compensation for the surplus; but that Bellomy refused to take less than the whole boundary for the three hundred dollars which had been paid.

The circuit court, however, decreed a conveyance of the whole boundary, without any compensation for the surplus.

The appellee cannot invoke the aid of a court of equity for unconscientious relief. He must himself first do equity, or otherwise be content with his legal remedy.

To resist his asserted equity, oral testimony of a rebutting equity is admissible; and this shows, in this case, that the appellee, wanting one hundred acres of the appellant's larger tract, and having only three hundred dollars so to invest, proposed to give three dollars an acre for one hundred acres. The appellant insisting on three dollars and fifty cents an acre, finally agreed to take three dollars. The parties walked around and through the designated boundary, and mutually supposed that it contained about one hundred acres; and no surveyor being at hand, they concluded to estimate the quantity in that boundary as about one hundred acres, or sufficiently approximate to avoid any very essential surplus or deficit.

Now, it is evident that both parties contemplated a sale by the acre, and not in gross, without regard to quantity. By "more or less," they should, therefore, be presumed to have understood and intended such reasonable deviation from the supposed quantity as might be expected, under the circumstances of the negotiation, which would not, without mutual surprise, exceed ten or fifteen per cent.; and, therefore, the appellant offered to convey that maximum excess, which the appellee ought to have accepted.

On this general subject the case of *Harrison vs. Talbott* (2 *Dana*, 258) collates and reviews most of the adjudged cases in Virginia and Kentucky, and refused, under the like contract, to compel a vendor to convey four hundred and ninety acres on a sale of a tract estimated and paid for as containing only four hundred acres, "more or less;" and in *Brown vs. Parish, same volume, page* 6, this court illustrated chancing bargains by the tract, without regard to quantity, whatever it might turn out to be.

According to principle, reason, and controlling authority, as cited in those two leading cases, the appellee in this case is not equitably entitled to a conveyance for more than one hundred and ten acres.

Wherefore, the judgment is reversed, and the cause remanded, for further proceedings and decree conformable with this opinion.