## G. H. & E. STRIKER vs. MOTT and others.

A party who has merely a future-contingent interest in an undivided share of real estate cannot sustain a suit for a partition of the property.

A mere reversioner, without the concurrence of any of the owners of the present interest in the premises, has no right to file a bill for partition.

But a reversioner is a necessary party, where a bill is filed by a person who is owner of an undivided share of the reversion as well as of an undivided share of the present interest in the property.

The reversioner is also a necessary party, where the suit is brought by the owner of an undivided share of the premises for life, or of any other particular estate in the same, and some of the other parties own the residue of the premises in fee.

THIS was an appeal from the decision of the vice chancellor of the first circuit. The bill was filed for the partition and sale of a house and lot in the city of New-York, which formerly belonged to the grand father of Mrs. Mott and of the

April 5th.

1831.

Striker
v.
Mott.

complainants; and also for an account of the rents and profits of their grand father's estate. The principal question in the cause arose upon the construction of the will of J. Hopper, the grand father. He devised his property to his three grand children and to their heirs forever, to be disposed of by his executors and the survivor of them, or the administrators of such survivor, as follows: "The said real estate shall not at any time hereafter be sold or alienated, but my said executors and the survivor of them, or the executor or administrator of such survivor, shall from time to time lease or rent the same on such terms and for such rent as they may deem most advantageous to my said heirs; and the rents, issues and profits thereof shall be annually paid by my said executors and the survivor of them, or the executors or administrators of such survivor, to my heirs, in equal proportions. And in case my said heirs and devisees shall die without lawful issue, then, and in such case, my will is that the share of the one so dying shall be and enure to the sole use, benefit and behoof of my said grand children and the survivor of them and the heirs of such survivor forever."

The vice chancellor decided that the complainants were not entitled to a partition, and dismissed the bill so far as it sought a partition of the premises; but directed an account of the rents and profits received by the executors and trustees under the will. From this decision the complainants appealed to the chancellor.

*J. R. Hedley*, for the complainants.

*W. Slosson*, for the defendants.

The Chancellor. I think the vice chancellor decided correctly in refusing partition in this case. The executors, under the will, and such person as should be the personal representative of the survivor, if both executors died during the continuance of the trust, took, by implication of law, an estate in trust during the lives of the three grand children. And the complainants and Mrs. Mott are each entitled to a contingent or conditional fee in one third of the remainder of the estate, provided they have issue living at their deaths; with cross remainders if either dies without issue. The complainants are not entitled to a partition of the present interest in the

premises; as that is vested in the executors in trust to pay one third of the rents and profits to each of the grand children. And they cannot claim a division of their future estate in the premises, as it is not yet ascertained that it will belong to them at the determination of the particular estate vested in the executors.

Besides, I am not aware of any case in which a party who had a mere reversionary interest in an estate has been permitted to apply for a partition, without the concurrence of the owners of the present interest. A reversioner is sometimes a necessary party to a bill in partition; but it is where the owner of a present interest in an undivided part of the premises has also an interest in an undivided part of the reversion. In such cases it is proper for such owner of the present interest to make the owner of the residue of the reversion, as well as those who are interested in the residue of the particular estate, parties to the suit; so that an entire share may be set off to the complainant in severalty. It is also necessary to make a reversioner a party to a bill filed by an owner of a particular estate, when some of the other parties interested in the residue of the premises are the owners of a present interest thereof in fee. But I can see no possible benefit which one tenant in common of a reversion, even if he has an absolute estate therein, can derive from a partition of his future interest in the property. He ought not therefore to be permitted to file a bill merely for the sake of making costs, or to compel a sale of the property of his co-tenant. The sale, where it is permitted, is merely incidental to the partition; and is resorted to for the purpose of preventing a sacrifice of the property by a division. As the reversioner can derive no benefit from an actual partition of the premises during the continuance of the particular estate, he ought not to be permitted to commence a suit for the mere purpose of compelling a sale of the property during that period; or to subject other parties to costs prematurely and unnecessarily.

The decree of the vice chancellor must therefore be affirmed, with costs; and the cause must be remitted to him, that such further proceedings may be had therein as may be necessary.