## WOOD v. CLUTE.

A widow having a right of dower in land, is not a tenant in common with the owner or owners of the land. And she cannot be made the sole complainant or defendant in a suit for partition.

Jurisdiction of Chancery in partition considered.(a)

   Auburn, Oct. 26; New-York, Nov. 11, 1843.

THIS was a bill for the partition of lands, which was brought to a hearing on pleadings and proofs.

(a) On this subject see *North* v. *Guinan*, (1 Beatty's R. 342;) *Horncastle* v. *Charlesworth*, (11 Simons, 315;) *Jope* v. *Morshead*, (6 Beavan, 213.) ·

The three complainants became the purchasers, at a sheriff's sale, of a house and lot owned by F. J. Clute. After Clute's death they received a deed from the Sheriff, and then exhibited a bill in this court against the widow of Clute, to compel a partition of the premises, or a sale and division of the proceeds. The widow put in an answer, insisting upon having her dower assigned, and that a sale was not necessary. Testimony was taken upon this subject, but as the case turned on the point of jurisdiction, it is not referred to in the opinion of the court.

*J. P. Hulbert*, for the complainants.

*L. Walker* and *G. Rathbun*, for the defendant.

THE ASSISTANT VICE-CHANCELLOR.—The defendant objects that this suit cannot be maintained, because she has a mere dower right in the premises in question. This ground was first taken at the hearing, but if well founded, no decree can be made which will affect her rights.

The defendant is not a *tenant in common* with the complainants. *Jackson* d. *Clark* v. *O'Donaghy*, (7 Johns. R. 247;) *Bradshaw* v. *Callaghan*, (8 id. 558;) *Siglar* v. *Van Riper*, (10 Wend. 414;) *Yates* v. *Paddock*, (10 id. 528.)

In the case last cited, the question was examined by the Supreme Court in reference to the provisions of the Revised Statutes relative to dower, and that court decided that the dower right of a widow is still a mere right of action, and that she is not a tenant in common with the heir or alienee of her husband.

The origin of equity jurisdiction in cases of partition, is involved in obscurity. (Allnatt on Partition, 78 to 80, and the cases there cited; 2 Hoff. Ch. Pr. 160.) It probably existed in England before the statutes 3 Hen. VIII. ch. 1, and 32 Hen. VIII. ch. 32, when partition was a remedy confined to coparceners. (See *Agar* v. *Fairfax*, 17 Ves. 552, per Lord Eldon.) In respect to the *estates* of the parties to the proceeding, I cannot find that the Court of Chancery in England ever entertained a suit for partition, where it was not allowable in the courts of law. In this state, the jurisdiction of the Court of Chancery

in partition appears to have existed, independent of the statutes on that subject. It is recognized in 1 Rev. Laws, 513, § 14, as an existing remedy.

In the Revised Statutes, the Court of Chancery is declared to have the same power on this subject as is therein given to the common law courts in like cases. (2 R. S. 329, § 79.)

So far as I can discover, this court never assumed to make partition between parties who could not maintain the proceeding under the statute; and if it ever had a more extended jurisdiction in that behalf than the statute gave to the courts of law, it probably would now be deemed confined in its exercise to the provisions of the statute.

The question, therefore, is upon the Revised Statutes. Do they authorize such a bill as this?

The first section of the statute of partition, (2 R. S. 317,) seems to point out all the parties by and between whom the proceedings *may be instituted.* And one controlling principle, without regard to extent or quantity of the interest, is that they shall be *joint tenants,* or *tenants in common.* Subsequent sections authorize the introduction of other part-owners, and persons having particular, qualified, or reversionary interests; such as tenants for years, by the curtesy, or in dower, persons entitled in reversion or remainder, and creditors having liens. These *may be made parties* to the partition, but there appears to be no authority for their *instituting* it, unless they are also tenants in common in possession. It may be said that in this case, the complainants are tenants in common, and entitled to commence the suit under the first section, against one who has an interest such as is mentioned in the fifth and sixth sections. The difficulty is, that there must be a suit *between* tenants in common. They cannot all be on one side of the suit or petition, and the particular interests on the other. Here the complainants own the whole estate in possession, subject to a right in action belonging to the defendant, by virtue of which she may come into possession of a portion of the land, not as tenant in common, but in *severalty.* She can have no *possession* until her dower is admeasured to her. As tenant in dower, she is not and never will be a

tenant in common with the complainants.  If this proceeding can be maintained, what is to prevent all the tenants in common from proceeding jointly in partition against the holder of a specific lien on the whole or an undivided portion of an estate ?

A brief examination of the decisions under the former statutes of partition will shed some light upon the point.  In *Bradshaw* v. *Callaghan*, in the Court for the Correction of Errors, 8 Johns. R. 558, (and see between the same parties, 5 J. R. 80,) the tenants in common of the inheritance had proceeded under the statute to make partition, and had the dower of the widow set off in severalty in each parcel.  She was made a party, and a portion of the costs charged upon her allotments.  It was decided that the proceeding was null as to her, the statute then in force (1 Kent and R. 42,) making no provision for affecting the rights of tenants in dower of the whole premises.

In the Revised Laws, (1 R. L. 513, § 14, &c.) provision was made for tenants in dower, reversioners, &c., in express terms ; but in *Coles* v. *Coles*, (15 Johns. 319,) it was held that the act did not extend to a case where the husband was seised in severalty of the whole premises, and that the widow could not be made a party to a partition among his heirs, &c.  The act of April 15, 1814, (ch. 198,) authorized *a sale* of the widow's dower in such a case, but it did not enable the courts to *set it off* in a partition.

In *Yates* v. *Paddock*, before cited, one of the consequences which it is said would flow from holding an estate in dower to be a tenancy in common under the Revised Statutes, was *the remedy by partition.*

In *Striker* v. *Mott*, (2 Paige, 389,) it was held that a reversioner cannot file a bill for partition.  It must be exhibited by a party *in possession*.  The same reason applies to a tenant in dower, with the additional reason that she is not a tenant in common.  If these persons cannot be the sole parties on the one side of the suit, is there any thing in the statute which authorizes them to be the sole parties on the other side ?

My conclusion is that the suit cannot be maintained in its present form.  One or more of the tenants in common must be

made defendants.  The bill must be dismissed with costs, but without prejudice to the complainant's legal or equitable rights in the premises, or to a proper suit or proceeding by any of them for partition against the others.  And inasmuch as the objection to this suit appeared on the face of the bill, and was not set up by demurrer or in the answer, the defendant is to recover no more costs than she would have been entitled to upon a demurrer to the bill.