Ranney, J.,
delivered the opinion of the court.
It appears from the petition that John Manly died seized of the tract of land of -which partition was sought; the whole of which was assigned to his widow as her dower, who was still alive when these proceedings were had. The parties to the suit are his heirs at law, and the question is, can partition be had during the continuance of her life estate ? The court below held that it mig’ht, and as the lands could not be divided, aud one of the heirs elected to take the same at the appraised value, the court confirmed the election so made, and ordered a deed to be made upon payment of the purchase money.
The first section of the act to provide for the partition of real estate (Swan’s old ed. 612) provides, “that all joint tenants, tenants in common, and coparceners of any estate in lands, tenements, or hereditaments, within this state, may be compelled to make or suffer partition of such estate or estates, in manner hereinafter prescribed.”
This language is claimed to be sufficiently comprehensive to include all estates held by joint ownership, whether in possession, remainder, or reversion, and is said to be still more explicit for this purpose, when construed in connection with sections 12 and 13 of the act; while it is admitted *that the writ of partition at common law, aided by the statute of 31 Hen. 8,- c. 1; 32 Hen. 8, c.' 32, and 8 and 9 Will. 3, c. 31, would not lie to compel partition of estates in expectancy, either vested or contingent.
Whether our statute has, in this particular, extended the remedy, must be determined upon a fair construction of all its provisions, in view of the object to be attained by the proceeding.
In such an inquiry, we may reasonably derive much assistance from the construction put upon similar statutes in our sister states. The right is given to every joint tenant, tenant in common, and coparcener, and extends to every estate in real property held jointly with others. As joint tenancies with the common-law incidents do *184 not exist in this state (Sergeants. Steinberger, 2 Ohio, 305; Lessee of Mills v. Fisher, 10 Ib. 1), and as there is no substantial difference between coparceners and tenants in common, where the lards descend to all the children equally, even the technical distinction between them, in the opinion of Chancellor Rent (4 Com. 3G7), may bo considered as essentially abolished. Justice Blackstone, in the second book of his commentaries, enumerates the indispensable unities to constitute a joint tenancy, coparcenary, and tenancy in common. In all of them, a unity of possession is necessary. In respect to the last, he says !< tenants in common are such as hold by several and distinct titles, but by unity of possession; because none knoweth his own severalty, and, therefore, they all occupy promiscuously.”
Without undertaking to say that the terms can not be used appropriately in a larger sense, and made to apply to a joint ownership of a reversion or remainder, we think they are used in this restricted sense in the statute, and only extend to one having the possession, or an immediate right to the possession, of the lands sought to be aparted. If this is correct, the object and purpose of the proceeding are easily comprehended. It operates upon the possession, dissolves the unity before existing, and enables each of the owners to *know, possess, and enjoy, his own share of the common estate in severalty. This construction preserves all the analogies of the law, and is fully sustained by the adjudged cases. It is well settled that such a proceeding does not decide title, or create any new title. It barely dissolves the tenancy in common, and leaves the title as it was, except to locate such rights as the parties may have, respectively in distinct parts of the premises, and to extinguish it in all others. Goundie v. Northampton Water Co., 7 Barr, 238; McClure v. McClure, 2 Harris, 137.
It is also held in many of the states that an actual seizin of the tenant is necessary, and that the proceeding can not be maintained when the land is adversely occupied. Bonner v. Proprietors, etc., 7 Mass. 475; Wills v. Price, 9 Mass. 508; Brownell v. Brownell, 19 Wend. 367; Clapp v. Bromagham, 9 Cow. 561; Culver v. Culver, 2 Root, 278; 6 Dane’s Ab. 480; 5 Denio, 388.
But in others, and undoubtedly in this, a right of entry is sufficient. If the tenant is not prevented, by an intervening estate, from recovering the possession in an action at law, he ought not, *185 and I think would not be disabled to prosecute his writ of partition.
But the direct question now before us, arising upon statutes quite as broad as our own, has been decided in other states.
In Brown v. Brown, 8 N. H. 93, the widow had dower assigned in a part of the premises. The court say: “ This court is authorized by statute, upon the application of any person interested with others in any real estate, to cause partition thereof to be made.” After fully considering the proper construction to be put upon this provision, and arriving at the conclusion that it gives the right -only to one who has a seizin in fact of the premises, they add: “No case is to be found that gives the slightest countenance to the supposition, that, where several are interested together in a remainder, after a freehold estate, any of them can maintain a petition for partition of the land in which they are so interested.”
*The question was made in Stevens v. Enders, 1 Green (N. J.), 271, and in an able opinion delivered by Ch. J. Hornblower, the court arrive at the conclusion that joint owners of a vested remainder are not tenants in any such sense as the statute -contemplates.
Chancellor Walworth, in Striker v. Mott, 2 Paige, 389, said he was “ not aware of any case in which a party who had a mere reversionary interest in an estate has been permitted to apply for a partition, without the concurrence of the owners of the present interest.” His reasons for denying the right are so cogent and -convincing, that I can not better express my own views than to adopt his language. He says: “I can see no possible benefit which one tenant in common of a reversion, even if he has an absolute estate therein, can derive from a partition of his future interest in the property. He ought .not, therefore, to be permitted to file a bill merely for the sake of making costs, or to compel a sale of the property of his co-tenant. The sale, where it is permitted, is merely incidental to the partition; and is resorted to for the purpose of preventing a sacrifice of the property by a division. As the reversioner can derive no benefit from an actual partition of the premises during the continuance of the particular estate, he ought not to be permitted to commence a suit for the mere purpose of compelling a sale of the property during that period, or to subject other parties to costs prematurely and unnecessarily.”
*186 The same doctrine was again held in Wood v. Clute, 1 Sand. Ch. 202.
The result of the adjudged cases, as well as the purpose of tha statute, and the object of the whole proceeding, seem to be to secure to the tenant an exclusive possession of his share of the joint property; and where no such possession can follow the judgment, aro reason is showar for invoking the aid of the law, or for callin g the other owners into court, and subjecting them to the expenses incident to the proceeding, much less to compel them to submit to-a forced sale of their interests, under circumstances which canhai*dly fail to result,*in a sacrifice. Bofoi’e this can be done, the applicant must show that he is submitting to the iarconveniences of a joiart possession, and that to protect him in the actual enjoyment of what belongs to him, it is neeessaiy to interfere with the rights and interests of his co-teaaants. Until this is shown, there is no joint possession to sever, and consequently nothing-upon which the judgment of'the coui’t can legitimately operate. The primary object of the statute is to effect an actual division of the property among the owaiers, and it is only where this caai not. be done without maaaifest injury to the value thereof that tho election or sale is allowed. Iai making such division the commissioners (sec. 5) are to have “ due regard to the improvements, situatioaa, and quality of the different parts of the estate;” and this is to be done on actual view. A large part of its value may then consist of buildings or other improvements, which, before the expiration of the life estate, may be entirely destroyed or become comparatively valueless. If, instead of the comparative certainty which this section enjoiars, the commissioners were permitted to speculate upon its probable condition at the 'termination of the life estate, the blindest conjecture would unavoidably be substituted, and the chances of an equitable division much diminished. In-view of these considerations, and others that might be mentioned, whioh will readily suggest, themselves, we are of opinion that the writ of partition will not lie, unless the applicant has the present right of possession to some part of the premises sought to be aparted.
Sections 12 and 13 provide for cases where the dower estate covers only a part of the land. In such cases, if the dower has not 'already been assigned, the widow must be made a party to the proceedings, and the commisskmers are required to set it off; and *187 they may, “ in their discretion, set off the same in such manner that the same may be contained in the share or shares aparted to one or more of the proprietors of such estate or estates, and such share or shares may be made larger as the same may be less valuable *by reason of such dower therein; or said freeholders may, if deemed for the interest of all parties concerned, make partition of the residue of such estate or estates after having set off such dower, leaving such estate of dower to be partitioned after the same shall cease and he determined.”
To entitle a party to the benefit of these sections, there must be, first, the present right of possession, and in virtue of that the right to have partition of a part of the estate. As incident to this, the commissioners may, if in their discretion they shall determine it to be “ for the interest of all parties concerned,” include in the division that part of the estate covered by the widow’s dower; but if not deemed for the interest of all parties, they can only partition the residue, of which immediate and exclusive possession can be given. Whether the lands covered by the dower estate can be included in the partition is thus made to depend upon the discretion of the commissioners, with a view to the interests of all the parties, and can not be claimed as a right by any one of them. The propriety of investing them with such power is quite obvious.. Suppose a tract of land containing one hundred and fifty acres is to be divided between a widow and four children, of which fifty acres is assigned for the dower estate upon one side of the tract. If this could not be included in the partition made between the heirs, it would involve the necessity of dividing the one hundred-acre balance into four parts; and again, at the termination of the dower estate, that also into four more, not more than one of which, in many cases, could be located adjoining the land aparted to each of the heirs upon the former division. But it is easy to see that the land might be so located, or the quantity so great as to avoid this inconvenience. Hence the propriety of leaving the-whole subject to the discretion of the freeholders. The statute in-terms only gives this discretion when the dower is assigned by and as a part of the duty of the commissioners appointed to make partition; but as every reason for conferring it, in such case, is equally strong for extending it to cases where the dower has been previously assigned upon a part of the tract, we *are of opinion that the spirit and policy of this legislation justifies us in. *188 •restricting the application of the common-law rule before recognized, so far as to give these sections that extension and hold such cases to fall within their provisions.
But these reasons have no application to cases where the whole tract is included in the dower estate; while section 13 contains an express legislative recognition of the .general principle, that no partition can be had in such case until the life estate “ shall cease and be determined.” It would indeed be singular, if, after 'the commissioners, in the exercise of their discretion, had determined not to make partition of the premises included in the dower •estate, it could be demanded as a matter of right by any one interested in the reversion, by a new proceeding as soon as the other was closed.
The case of Morgan v. Staley, 11 Ohio, 389, has been supposed to conflict with these conclusions ; but the case, if carefully examined, will be found entirely consistent with them. That was a bill in chancery, and much of the opinion is devoted to an exposition of the principles peculiar to that mode of proceeding. We attach no importance to the fact that it was in chancery, as we think the rule the same, so far as this question is concerned, at law and in ■ chancery. The petitioner was the owner of one-sixth of the premises, subject to the widow’s dower, as the heir of Staley, and the ■owner, by purchase, of the widow’s dower. This gave him a perfect title, unincumbered, to one-sixth of the land in fee simple, with the immediate right to possession; and this he applied to have •set off. The court decreed it; and in doing so, did nothing more than we hold could lawfully be done under section 13, provided they were satisfied it would be for the interest of all parties interested ; and whether so satisfied or not, he had a perfect right, either at law or in equity, to have the one-sixth set off to him in severalty, if the balance was left undivided.
Entertaining these opinions, it follows that 'the proceedings of the court of common pleas are erroneous; but the *defend.ant in error pleads in bar of the writ, that the plaintiff in error has received and still retains his part of the money paid for the estate in pursuance of the order confirming the election. We re.gard this as a sufficient waiver of the error. A party ought not to be permitted voluntarily to take the benefit of a judgment, and then attempt to reverse it. No more direct affirmance of the validity of the proceeding could be made, than by claiming title to the *189 money of the adverse party, received in pursuance of it. The demurrer to this plea will be overruled, and unless issue is taken upon, it, the judgment will be affirmed.