JOHN B. COOK

*vs.*

ISAAC W. WEBB, impleaded, &c.

Under chapter seventy-four of the General Statutes relating to actions for partition of real property, where lands, leased for a term of years, and in the actual possession of the lessee, are owned by several persons as tenants in common both of the rents and of the reversion upon such estate for years, an action for partition can be maintained by one of such owners and tenants in common.

This is an action for partition, brought in the district court for Ramsey county by John B. Cook against Isaac W. Webb and the heirs of Stephen R. Champlin, deceased. A trial before the court resulted in a judgment for partition, from which the defendant Webb appeals to this court. The case is sufficiently stated in the opinion of the court.

LAMPREYS for appellant, upon the point that " proceedings in partition under the statute, can be instituted only by a party who has an estate entitling him to an *immediate possession*," cited 1 *Wash. R. P.* 447, 448 *and cases there cited ; Brownell v. Brownell et al.* 19, *Wend.* 367 ; *Clapp v. Bromagham,* 9 *Conn.* 530 ; *Stryker v. Mott,* 2 *Paige Ch.* 387 ; *Jackson v. Myers,* 14 *Johns.* 353 ; *Watson v. Thibeau,* 17 *Ab. Pr.* 184 ; *Florence v. Hopkins,* 46 *N. Y.* 182 ; *Adams v. Ames Iron Co.* 24 *Conn.* 230 ; *Culver v Culver,* 2 *Root (Conn.)* 278 ; 17 *Ab. Pr.* 452 ; 34 *Barb.* 56 ; *Jenkins v. Van Schaack,* 3 *Paige,* 342 ; *Tyler on Eject.* 740 ; *Lambert v. Blumen et al.* 26 *Mo.* 471 ; *Stevens v. Enders,* 1 *Green*

(*N. J.*) 271; *Smith v. Pratt*, 13 *Ohio*, 548; *Thomas v. Gowan*, 4 *Den.* 223.

Upon the point that " to entitle the plaintiff to any relief, a substantial cause of action must exist at the commencement of his suit," they cited, *Hare v. Van Dusen*, 32 *Barb.* 92; *Whitten v Whitten*, 36 *N.* H. 326; *Hunnewell v. Taylor et al.* 6 *Cush.* (*Mass.*) 472; *Shot & Lead Co. v. Cary*, 10 *Ab. Pr.* 44; 20 *How. Pr.* 443.

Upon the point " that adverse titles are not to be tried in partition," they cited 1 *John Ch.* 111; 4 *Barb.* 493; *Stryker v. Lynch*, 11 *N. Y. Leg. Obs.* 116; *Herman v. Oxley*, 23 *Wis.* 519.

Upon the point that " the court should have found the value of the improvements on the leased premises, and allowed the same to Webb," they cited, *Felix v. Rankin*, 3 *Edw. Ch.* 323; *Conklin v. Conklin*, 3 *Sandf. Ch.* 64; *Town v. Needham*, 3 *Paige Ch.* 545; *Kurtz v. Hilmer*, 55 *Ill.* 514.

GEORGE L. OTIS for respondent cited, 1 *Wash.* 646, *sec.* 14; *Scoville v. Hillard*, 48 *Ill.* 453; *Fisher v. Dewerson*, 3 *Met.* 544; *Brown v. Brown*, 8 *N.* H. 93; *Hunt v. Hazleton*, 5 *N. H.* 216; *Gen. Stat. p.* 533, *sec.* 9; *id.* 535, *sec.* 23; *id.*, 533, *sec.* 9; *id.*, 534, *sec.* 17; *id.*, 535, *sec.* 23.

*By the Court.*—McMILLAN, J.—This is an action by the plaintiff under chapter seventy-four of the General Statutes for partition of certain premises described in the complaint. The action was commenced on the 31st of January, 1871, and was tried by the court, and resulted in a finding for the plaintiff on all the issues raised in the pleadings, and a judgment for partition of the premises. No case was made, or bill of exceptions settled; it must, therefore, be presumed that the findings of fact by the court were all correct and all sustained by the evidence. The case must then be determined upon the pleadings, the findings of the court, and the judgment. The

Cook v. Webb.

defendant Isaac W. Webb, is the only appellant.    For the pur-
pose of determining the question raised, a summary statement
of the facts will answer all the purposes of the case.

It appears from the findings of the court, that John B.
Cook, the plaintiff, and the heirs of Stephen R. Champlin, de-
ceased, viz.: the defendants Elizabeth M. Champlin and Sophia
J. Champlin are the owners in fee, as tenants in common, of
the entire premises of which partition is demanded; the
said Cook owning one undivided half thereof, and the heirs of
said Champlin owning the other undivided half thereof, the
estate of said heirs being subject to the dower estate therein
of the defendant E. Sophia Champlin, the widow of said
Stephen R. Champlin, deceased; that the defendant Webb has
an estate for years in the undivided half of the premises under
a lease of October 31st, 1870, from the widow and heirs of said
Champlin of their interest in the premises.    It also appears
that at the commencement of the action the defendant Webb
had an estate for years in a several portion of the premises,
to-wit: the north one hundred feet of the east fifty feet of lot
five, in block thirty, in St. Paul proper, under a lease dated
February 3, 1866, from the grantors of the plaintiff, Cook,
and Stephen R. Champlin, deceased, the ancestor of the
Champlin heirs, and that Webb was in actual possession of
the said leased premises, at a certain agreed annual rent, pay-
able to the plaintiff, and the Champlin estate, owners in fee,
as tenants in common, of the premises; that the lease last
mentioned by its terms expired on the first day of April,
1871; that the cause was tried on the 24th of August, 1871,
and judgment of partition entered February 28, 1872.    No
question of title arising out of adverse possession is presented
in the case, since Webb's possession by virtue of the lease was
under Cook, and the Champlin heirs as owners in fee of the
premises.

Upon this state of facts the principal question presented is, whether or not, when lands, leased for a term of years, and in the actual possession of the lessee, are owned by several persons as tenants in common both of the rents and of the reversion upon such estate for years, an action for partition can be sustained by one of such owners and tenants in common. This must be determined upon the provisions of the statute under which the action is instituted. The statute of our state contains no express provision requiring the party applying for the partition of lands to be in the actual possession of the premises of which partition is sought to be made, as to have the right to such actual possession, nor does it in terms prohibit reversioners or remaindermen from having such partition. It differs in these respects from the statutes of several of the states of the Union.

The first section of our statute is as follows: " When two or more persons are interested in real property, as joint tenants, or as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, an action may be brought by one or more of such persons against the others, in the district court of the proper county for a partition thereof, according to the respective rights and interests of the persons interested therein, or a sale of such property, or a part of it, if it appears that partition cannot be had without great prejudice to the owner." *Gen. Stat., ch.* 74, § 1, *p.* 532.

Under the statute one who has an estate of inheritance, or for life or years, in real property as a joint tenant, or tenant in common with others who are made defendants, may maintain this action. There is nothing in the section from which it can be implied that actual possession of the premises, or a right to such possession, is necessary; on the contrary, we think, it appears by necessary implication that neither actual possession, nor the right to actual possession, is necessary.

Section eight prescribes that the judgment is binding and conclusive: " *First.* On all the parties named therein, and their legal representatives who have at the time any interest in the property divided, as owners in fee, or as tenants for years, or as entitled to the reversion, remainder or inheritance of such property, after the determination of a particular estate therein."

Section nine is as follows: " But such judgment and partition cannot affect tenants, or persons having claims as tenants in dower, by the curtesy, or for life, to the whole of the property which is the subject of the partition," etc.

Section nine, we think, must be construed to embrace estates in severalty to the whole premises which are the subject of partition, and that such estates may, or may not, be in possession; for the section expressly includes both tenants in dower, by the curtesy, or for life, that is, persons in the possession of such estates, and those having claims as such tenants; and these estates are distinctly recognized as existing in the property of which partition is sought. Construing sections eight and nine together, then, we must conclude that judgment of partition may be made between the parties mentioned in section eight, notwithstanding the existence of the estates in severalty, whether in possession or not, embraced in section nine, and exempted from the effect of the judgment. If we are correct in this view, it follows, that actual possession of the premises, as a right to actual possession thereof, is not necessary to maintain the action of partition. Section twenty three of the chapter supports the same view with equal, if not greater force. *Scovill v. Hilliard,* 48 *Ill.* 453. We advert to these sections merely for the purpose of showing that actual possession or the right to such possession is not necessary to maintain partition, and not for any other purpose; nor are

we to be understood as expressing any opinion as to the effect of these statutes in any other regard whatever.

In New York the statute provides that the persons entitled to apply for partition shall be those who hold and are in possession of the lands. Yet the court of appeals decided that under this statute and *ch.* 430, *Laws* 1847, a tenant in common of a vested remainder in real estate, though his right to possession is postponed during the continuance of a life estate, may institute proceedings for the partition of the land, whether the intervening estate is held as an entirety, or by several as joint tenants, or tenants in common. *Blakely v. Calder*, 15 *N. Y.* 623. (*Opinion by Denio, C. J.*)

By the same statute of New York, the court of chancery is declared to have the same power in partition of estates as is conferred by the statutes on the common law courts in like cases; (2 *Rev. Stat., ch.* 5, *part* 3, § 79; *Wood v. Clute*, 1 *Sand. Ch.* 199;) and the court of chancery in exercising its jurisdiction, confines itself to the provision of the statute. *Wood v. Clute, supra; Postley and wife v. Kain*, 4 *Sand. Ch.* 508; *Jenkins v. Van Schaack*, 3 *Paige*, 242. Yet it was there distinctly held that where lands leased for a term of years, and in the actual possession of the lessee, are owned by several persons as tenants in common both of the rents and of the reversion upon such estate for years, an action for partition can be sustained by one of such owners and tenants in common. *Woodworth v. Campbell et al.*, 5 *Paige Ch.* 518; see also *Philips v. Johnson*, 14 *B. Monroe*, 172; *Hunt v. Hazelton*, 5 *N. H.* 216.

The statute of Massachusetts under which the case of *Hunnewell v. Taylor*, 6 *Cush.* 472, was decided, expressly prohibits a reversioner or remainderman from maintaining an action for partition.

The decisions holding that possession of the land in the plaintiff is necessary in order to maintain partition, have all,

so far as we have examined, been made under statutes different from our own, and, therefore, are not applicable here. A synopsis of the statutes of several of the states upon this subject is given by Mr. Washburn in his work on real property. 1 *Wash. Real Prop.* 591, (*note.*) We are, therefore, of opinion that the plaintiff could maintain the action at the time suit was brought. The estate or interest of Webb in the premises under the lease for five years, commencing on the 1st of April, 1866, having been determined by the expiration of the lease prior to the trial of the cause and rendition of the judgment, Webb had no rights to be protected under that lease, and his rights under the lease of 31st October, 1870, from the widow and heirs of Stephen R. Champlin, of their undivided half of the premises, is fully protected by the judgment.

The appellant objects that "the court should have found the value of the improvements on the leased premises, and allowed the same to said Webb, because it appears from the pleadings that they were put there in good faith, and they must have been of some value."

The objection is not well taken. The only improvements upon the leased premises, so far as appears in the case, consist of a stone barn. It is stated in the complaint, admitted in the answer, and found as a fact by the court, that the appellant Isaac W. Webb, is the owner of the stone barn erected upon the leased premises. It is, therefore, no part of the realty of which partition is sought, and its value is immaterial.

We see no error in the proceedings of the court below.

Judgment affirmed.